J-A20019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FEROCK SMITH | |
| Appellant | No. 188 EDA 2013 |

Appeal from the Judgment of Sentence December 17, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006875-2009

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                **FILED SEPTEMBER 23, 2014**

Appellant, Ferock Smith, appeals from the December 17, 2012 aggregate judgment of sentence of 50 years to life imprisonment after a jury found him and his co-defendants, Mikechel Brooker and Alonzo Ellison[1], guilty of first-degree murder, criminal conspiracy, firearms not to be possessed without a license, and possession of an instrument of a crime (PIC).[2]  After careful review, we affirm.[3]

_____

[1] Brooker's appeal is currently pending in this Court at 96 EDA 2013, and Ellison's appeal is currently pending at 2564 EDA 2012.

[2] 18 Pa.C.S.A. §§ 2502(a), 903(a)(1), 6106(a)(1), and 907(a), respectively.

[3] On July 17, 2014, Appellant filed an application for post-submission communication pursuant to Pennsylvania Rule of Appellate Procedure. 2501. Said application is hereby granted.

In its opinion authored in Ellison's appeal, the trial court summarized the relevant facts and procedural history of this case as follows.

On July 18, 2008, Barry Jacobs, Jr. ("Jacobs") was shot and killed on the 8700 Block of Glenoch Place in Philadelphia, by [Alfonso Ellison (Ellison)], [Appellant] and [Mikechel] Brooker ("Brooker") in an apparent dispute over drug territory after Antoniette Gray ("Gray") refused to purchase drugs from [Ellison]. When Gray[,] shortly thereafter[,] purchased drugs from Jacobs, [Ellison], [Appellant], and Brooker shot Jacobs multiple times. At trial, Gray testified that she did not remember the shooting and her July 20, 2008[] statement to police was admitted. In her statement, Gray identified [Ellison], [Appellant], and Brooker as the three people who shot Jacobs. Gray also saw [Ellison], [Appellant], and Brooker the next day and heard them laughing about shooting Jacob[s]. Another eyewitness, Jeffrey Gould ("Gould"), testified that he saw someone standing over Jacobs and shoot him in the head. Gould had identified that person as [Ellison] in a July 18, 2008 statement to police, which was introduced at trial.

At trial, Eleanore Sampson ("Sampson") testified that she did not remember the events after the shooting and her July 19, 2008 statement to police was admitted. In her statement, Sampson stated that [Ellison], [Appellant], and Brooker came to her apartment on the night of July 18, 2008. Sampson stated that she let [Ellison], [Appellant], and Brooker use her apartment because they gave her drugs. [Ellison], [Appellant] and Brooker had a conversation in Sampson's apartment that night, during which she heard [Appellant] say he shot Jacobs. [Appellant] and Brooker had handguns with them which they placed in Sampson's apartment. Sampson asked [Ellison] to remove the guns from her apartment and [Ellison] took a 9 millimeter handgun from [Appellant]. Brooker and [Appellant] left Sampson's apartment shortly thereafter, at which time, [Ellison] gave the 9 millimeter handgun

> back to [Appellant]. [Ellison] stayed and slept at Sampson's apartment and was arrested leaving from the rear of the apartment when the police were knocking at the front door. A .32 caliber handgun was found during a search of Sampson's apartment after [Ellison]'s arrest. …

Trial Court Opinion, 2564 EDA 2012, 12/26/12, at 2-3.

On June 1, 2009, the Commonwealth filed an information charging Appellant with the above-mentioned offenses, as well as one count each of possession of a firearm by a minor and carrying firearms in public in Philadelphia.[4] On July 10, 2012, Appellant proceeded to a jury trial. At the conclusion of said trial, on July 16, 2012, the jury found Appellant guilty of first-degree murder, criminal conspiracy, firearms not to be possessed without a license, and PIC. The Commonwealth *nolle prossed* the remaining two charges. On December 17, 2012, the trial court imposed an aggregate sentence of 50 years to life imprisonment.[5] Appellant did not file a post-sentence motion. On January 15, 2013, Appellant filed a timely notice of appeal.[6]

_____

[4] 18 Pa.C.S.A. §§ 6110.1(c) and 6108, respectively.

[5] The trial court imposed 50 years to life imprisonment for first-degree murder and six to 12 years' imprisonment for criminal conspiracy, to run concurrently to the murder sentence. The trial court imposed no further penalty for the PIC and firearm charges.

[6] On January 17, 2013, the trial court entered an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely filed said statement on February 27,
*(Footnote Continued Next Page)*

On appeal, Appellant raises seven issues for our review.

I. Whether the evidence was so contradictory and unreliable that the verdicts must be set aside because they are based on surmise or conjecture?

II. Whether a conviction based on unreliable, unsworn statements not given in open court violates the Fourteenth Amendment to the Constitution of the United States?

III. Whether the [trial court] erred when it admitted evidence that Appellant was found in possession of a 9 mm. handgun when expert testimony conclusively established based on analysis of the cartridge casings that the murder weapon was a .380 caliber pistol, and definitely not a 9 mm. pistol?

IV. Whether the [trial] court erred when it failed to grant a mistrial arising from the [Commonwealth]'s repeated assertions made without factual support that Appellant was a drug dealer?

V. Whether the jury instructions on first[-]degree murder which blur the elements of premeditation and deliberation relieved the [Commonwealth] of the burden of proving each element of the crime beyond a reasonable doubt in violation of the Due Process Clause of the Fourteenth Amendment?

VI. Whether the [trial court] erred and denied due process when it sent prior unsworn ambiguous statements back with the jury leading the jury

_(Footnote Continued)_  ────────────────

2013 after successfully seeking an extension. The trial court did not file a Rule 1925(a) opinion, as the trial judge who presided over the trial retired from the bench in the interim.

to infer that the statements were accurate and had heightened importance?

VII. Whether the fifty[-]year sentence imposed on a juvenile was imposed without consideration of age[-]related factors including prospects for rehabilitation and without a record suitable for appellate review?

Appellant's Brief at 3-4.

In his first issue, Appellant argues the Commonwealth failed to present sufficient evidence to sustain his conviction for first-degree murder. Specifically, Appellant avers the Commonwealth did not provide sufficient evidence because "the jury's verdict had to be based on speculation and conjecture because the evidence was in hopeless conflict, and some of the information in the prior statements was ambiguous and unfairly prejudicial." *Id.* at 17.

Our standard of review regarding challenges to the sufficiency of the Commonwealth's case is well settled. "In reviewing the sufficiency of the evidence, we consider whether the evidence presented at trial, and all reasonable inferences drawn therefrom, viewed in a light most favorable to the Commonwealth as the verdict winner, support the jury's verdict beyond a reasonable doubt." *Commonwealth v. Patterson*, 91 A.3d 55, 66 (Pa. 2014) (citation omitted). "The Commonwealth can meet its burden by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn

from the combined circumstances." ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted), *appeal denied*, --- A.3d ---, 1033 MAL 2013 (Pa. 2014). As an appellate court, we must review "the entire record … and all evidence actually received[.]" ***Id.*** "[T]he trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence." ***Commonwealth v. Kearney***, 92 A.3d 51, 64 (Pa. Super. 2014) (citation omitted). "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Diamond***, 83 A.3d 119, 126 (Pa. 2013) (citation omitted).

Before we may address the merits of Appellant's issue, we must first address the Commonwealth's argument that Appellant has failed to preserve this issue by not including it in his concise statement of errors complained of on appeal pursuant to Rule 1925(b). ***See*** Commonwealth's Brief at 12. By its plain text, Rule 1925(b) requires that statements "identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). The Rule also requires that "[e]ach error identified in the Statement will be deemed to include every subsidiary issue contained therein which was raised in the trial court …." ***Id.*** at 1925(b)(4)(v). Finally, any issues not raised in accordance

with Rule 1925(b)(4) will be deemed waived. ***Id.*** at 1925(b)(4)(vii). Our Supreme Court has held that Rule 1925(b) is a bright-line rule.

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte,* and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [***Commonwealth v.***] ***Lord***, [719 A.2d 306 (Pa. 1998)] that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." [***Id.***] at 309.

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011) (footnote omitted).

In this case, Appellant's Rule 1925(b) statement fails to list any claim addressing the sufficiency of the Commonwealth's evidence. In his reply brief, Appellant argues that nevertheless, his sufficiency argument should not be waived because, in Appellant's view, our Supreme Court "has stated that such a claim must be considered by the Superior Court whether it is included in the 1925(b) statement or not." Appellant's Reply Brief at 1.

Appellant also claims that since the trial judge has retired and did not file an opinion in this case, "[t]he 1925(b) statement is [rendered] redundant." *Id.* Finally, Appellant avers that the sufficiency arguments are embedded in other issues raised in his opening brief, "but under different labels." *Id.*

As noted above, our Supreme Court has held Rule 1925(b) is a bright-line rule, and the Rule's text explicitly states any issues not raised in said statement are waived for the purposes of appeal. *See Hill*, *supra*; Pa.R.A.P. 1925(b)(4)(vii). Contrary to Appellant's assertion, our Supreme Court's decision in *Commonwealth v. Laboy*, 936 A.2d 1058 (Pa. 2007), does not mandate that this Court review all sufficiency claims, even when not raised in the Rule 1925(b) statement. In *Laboy*, our Supreme Court considered whether this Court correctly determined that the defendant, who had included but "failed to **adequately develop** his claim of insufficient evidence" in his Rule 1925(b) statement, was entitled to review of his claim. *Id.* at 1058. *Laboy* held that this Court should have reviewed the merits of the sufficiency challenge as his case was a "relatively straightforward drug case[.]" *Id.* at 1060. The instant matter is distinguishable from *Laboy* as Appellant did not include his sufficiency issue at all in his Rule 1925(b) statement.[7] Likewise, Appellant's remaining arguments against waiver appear to be the type of "*ad hoc* exceptions or selective enforcement" that

---

[7] Moreover, *Laboy* predates *Hill* by approximately four years, before our Supreme Court solidified Rule 1925(b)'s mandates as a bright-line rule.

we are powerless to grant. **Hill**, **supra**. Therefore, for all of these reasons, following our Supreme Court's instructions in **Hill**, we deem Appellant's first issue on appeal waived for failure to list it in his Rule 1925(b) statement.

In his second issue, Appellant argues that his due process rights were violated because his convictions were "based on unsworn testimony." Appellant's Brief at 19. Specifically, Appellant complains that the trial court erroneously admitted the prior statements of Gray, Gould, and Sampson. **Id.** at 20-21.

At its core, the Due Process Clause of the Fourteenth Amendment entitles a criminal defendant to a fair trial. **United States v. Gonzalez-Lopez**, 548 U.S. 140, 146 (2006) (citations omitted). Our Supreme Court has held that convictions based on prior inconsistent statements can amount to a due process violation, but only in extremely rare circumstances. **See generally Commonwealth v. Brown**, 52 A.3d 1139, 1170-1171 (Pa. 2012). Prior inconsistent statements are admissible as substantive evidence, if any of the following apply.

> [O]nly those prior inconsistent statements "that are demonstrably reliable and trustworthy" may be admitted as substantive evidence. **Commonwealth v. Lively**, [] 610 A.2d 7, 10 ([Pa.] 1992). To this end, the **Lively** Court required as a requisite to admissibility, that the prior statement be:
>
> > (1) given under oath at a formal legal hearing;

(2) reduced to a writing which was signed or adopted by the witness; or

(3) a contemporaneous verbatim recording of the witness's statements.

*Id.; see also Commonwealth v. Johnson*, [] 638 A.2d 940 ([Pa.] 1994) (holding that, to be admissible, a prior inconsistent statement must have been uttered under highly reliable circumstances which would render inferences to be drawn from it more probable than not).

*Commonwealth v. Grimes*, [] 648 A.2d 538, 544 ([Pa. Super.] 1994)[, *appeal denied*, 670 A.2d 642 (Pa. 1995)].

*Commonwealth v. Bibbs*, 970 A.2d 440, 447-448 (Pa. Super. 2009) (internal parallel citations omitted), *appeal denied*, 982 A.2d 1227 (Pa. 2009).

Instantly, the statements admitted at trial satisfy *Lively* as each of the statements in question were "reduced to a writing which was signed or adopted by the witness." *Bibbs*, *supra*. In fact, Appellant concedes in his brief that all of the statements "satisfy *Lively*" but nevertheless, do not satisfy "the principles of due process because some of the information in the statements was ambiguous and unreliable based on the misuse of the pronoun '[h]e.'" Appellant's Brief at 20.

Our Supreme Court has rejected the argument that convictions based on prior inconsistent statements violates a defendant's right to due process of law.

> In sum … our review of authority from the United States Supreme Court and our Court, as well as our consideration of jurisprudence from other states which reject a *per se* rule, coupled with our over quarter-century of experience with the use of prior inconsistent statements as substantive evidence by the courts of this Commonwealth, convinces us that criminal convictions which rest only on prior inconsistent statements of witnesses who testify at trial do not constitute a deprivation of a defendant's right to due process of law, as long as the prior inconsistent statements, taken as a whole, establish every element of the offense charged beyond a reasonable doubt, and the finder-of-fact could reasonably have relied upon them in arriving at its decision. Prior inconsistent statements, which meet the requirements for admissibility under Pennsylvania law, must, therefore, be considered by a reviewing court in the same manner as any other type of validly admitted evidence when determining if sufficient evidence exists to sustain a criminal conviction.

***Brown***, ***supra*** (footnote omitted).

Appellant does not identify or explain how any of the prior statements fails to meet ***Brown***'s criterion of "establish every element of the offense charged" when taken in their totality. ***See id.*** Instead Appellant argues that some of the statements were ambiguous, based on the misuse of the pronoun "he." Appellant's Brief at 20. It is axiomatic that such "[d]iscrepancies concerning the evidence affect the weight of the evidence given by the trier of fact but do not affect the admissibility of such evidence." ***Commonwealth v. Edmiston***, 634 A.2d 1078, 1089 (Pa. 1993), *overruled on other grounds*, ***Commonwealth v. Freeman***, 827 A.2d 385 (Pa. 2003). Additionally, it was for the jury to resolve any ambiguity in

the statements. *See Commonwealth v. Bradley*, 69 A.3d 253, 255 (Pa. Super. 2013) (stating, "the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence[]") (citation omitted), *appeal denied*, 79 A.3d 1095 (Pa. 2013). Based on these considerations and Appellant's concession as to *Lively* being satisfied, we conclude Appellant's due process rights were not violated in this case. *See Brown*, *supra*; *Bibbs*, *supra*.

In his third issue, Appellant avers that the trial court erred when it allowed "the admission of evidence of [Appellant's] possession of [a] 9 mm handgun at the point of arrest[.]" Appellant's Brief at 25. Appellant contends that the handgun was irrelevant and therefore Detective Walter's testimony should have been inadmissible. *Id.* We begin by noting our well-settled standard of review regarding evidentiary matters.

> The admissibility of evidence is at the discretion of the trial court and only a showing of an abuse of that discretion, and resulting prejudice, constitutes reversible error. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record. Furthermore, if in reaching a conclusion the trial court over-rides or misapplies the law, discretion is then abused and it is the duty of the appellate court to correct the error.

*Commonwealth v. Fischere*, 70 A.3d 1270, 1275 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citations omitted), *appeal denied*, 83 A.3d 167 (Pa. 2013).

Before we may consider Appellant's issue, we must first address the Commonwealth's argument that Appellant has not preserved this issue for our review. The Commonwealth argues that Appellant never objected to the admission of this evidence below and therefore cannot raise the issue on appeal. Commonwealth's Brief at 15-16.

It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "[T]o preserve a claim of error for appellate review, a party must make a specific objection to the alleged error before the trial court in a timely fashion and at the appropriate stage of the proceedings; failure to raise such objection results in waiver of the underlying issue on appeal." ***Commonwealth v. Akbar***, 91 A.3d 227, 235 (Pa. Super. 2014) (citation omitted). Furthermore, with regard to evidentiary issues, "[a] party complaining, on appeal, of the admission of evidence in the court below will be confined to the specific objection there made." ***Commonwealth v. Bedford***, 50 A.3d 707, 713 (Pa. Super. 2012) (*en banc*) (citation omitted), *appeal denied*, 57 A.3d 65 (Pa. 2012). "If counsel states the grounds for an objection, then all other unspecified grounds are waived and cannot be raised for the first time on appeal." ***Id.*** (citation omitted).

In the case *sub judice*, Appellant argues the trial court abused its discretion in permitting Detective Michael Walter to testify regarding a gun that was recovered from his person. Detective Walter testified that when

Appellant was apprehended, "a gun was recovered from him … in his waistband."  N.T., 7/12/12, at 144.  Detective Walter went on to testify that "[i]t was a 9-millimeter handgun."  **Id.**  Detective Walter was then shown the handgun in question, and he identified it as the one found on Appellant's waistband when he was arrested.  **Id.** at 145.  At no point in time during or after this exchange did Appellant object to Detective Walter's testimony.  As a result, Appellant has waived any issue regarding this testimony for failure to object at trial.[8] **See Bedford**, **supra**, **Akbar**, **supra**.

In his fourth issue, Appellant avers that the trial court erred in failing to declare a mistrial when the Commonwealth labeled Appellant and his co-defendants as drug dealers in the neighborhood.  Appellant's Brief at 28.  Specifically, Appellant highlights three instances where the Commonwealth referred to Appellant as a drug dealer.  **Id.**  The first instance was during its opening statement, the second was during its redirect examination of

_____

[8] We note that the 9 mm handgun was mentioned during discussion of the Commonwealth's motion *in limine* on July 9, 2012.  Appellant did not raise any objection to that motion or the gun in any way during those proceedings.  **See** N.T., 7/9/12, at 4-9.  At oral argument on July 15, 2014, Appellant argued that under Pennsylvania Rule of Criminal Procedure 603, Brooker's argument against the Commonwealth's motion *in limine*, preserved the issue for all three defendants because all three defendants are adversely affected by it.  However, Rule 603 does not stand for this proposition.  Rule 603(A) states, "[a]ny ruling of the judge on an objection or motion made during the trial of any action or proceeding shall have the effect of a sealed exception in favor of the party adversely affected[.]"  Pa.R.Crim.P. 603(A).  The plain text of Rule 603(A) assumes that "an objection" is made.  **Id.**  As a result, Rule 603 does not alter our conclusion.

Detective Thomas Gaul, and finally during the Commonwealth's summation. *Id.*

A review of the transcript reveals that Appellant did not lodge an objection to anything said by the Commonwealth in its opening statement. Appellant objected during Detective Gaul's testimony, which the trial court immediately sustained. **See** N.T., 7/12/12, at 131. Finally, Appellant objected once during the Commonwealth's closing statement, to a statement that could be interpreted to imply that Appellant dealt drugs to Sampson, which the trial court overruled. **See** N.T., 7/13/12, at 98. Appellant never requested a mistrial from the trial court in any of these instances.

"[E]ven where a defendant objects to specific conduct, the failure to request a remedy such as a mistrial or curative instruction is sufficient to constitute waiver." **Commonwealth v. Sandusky**, 77 A.3d 663, 670 (Pa. Super. 2013) (citation omitted), *appeal denied*, --- A.3d ---, 835 MAL 2013 (Pa. 2014). However, where "the trial court d[oes] not sustain [a defendant]'s objection to this specific statement, it [is] unnecessary for [the defendant] to request specifically a mistrial in order to preserve the issue." **Commonwealth v. Hogentogler**, 53 A.3d 866, 877 (Pa. Super. 2012) (citation omitted), *appeal denied*, 69 A.3d 600 (Pa. 2013).

As noted, Appellant did not request a mistrial during the Commonwealth's opening statement or during redirect examination of Detective Gaul. Therefore, Appellant has waived any argument as to a

- 15 -

mistrial regarding those incidents.[9] *See Sandusky*, *supra*. However, as the trial court overruled Appellant's objection during the Commonwealth's summation, he was not required to request a mistrial to preserve the issue for our review. *See Hogentogler*, *supra*. Accordingly, we confine our discussion to that occurrence.

We begin by stating our standard of review.

> It is well-settled that the review of a trial court's denial of a motion for a mistrial is limited to determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will … discretion is abused. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice.

*Commonwealth v. Fortenbaugh*, 69 A.3d 191, 193 (Pa. 2013) (citation omitted).

> With specific reference to a claim of prosecutorial misconduct in a closing statement, it is well settled that "[i]n reviewing prosecutorial remarks to determine their prejudicial quality, comments cannot be viewed in isolation but, rather,

_____

[9] As with Appellant's previous issue, we note that Pa.R.Crim.P. 603(A) does not alter our conclusion even though Brooker and Ellison did object to the incident during Detective Gaul's redirect examination. *See* Pa.R.Crim.P. 603(A); N.T., 7/12/12, at 134.

must be considered in the context in which they were made." **Commonwealth v. Sampson**, 900 A.2d 887, 890 (Pa. Super. 2006) (citation omitted)[, *appeal denied*, 907 A.2d 1102 (Pa. 2006)]. Our review of prosecutorial remarks and an allegation of prosecutorial misconduct requires us to evaluate whether a defendant received a fair trial, not a perfect trial.

**Commonwealth v. Judy**, 978 A.2d 1015, 1019 (Pa. Super. 2009).

During its closing argument, the Commonwealth made the following reference to the defendants and Sampson.

> [Commonwealth]:    Why would [Sampson] point the finger at these three individuals if she didn't tell you exactly what she saw and what she heard? Why would she try and ruin any relationship with these three individuals, **her free drugs**, by providing a statement to Homicide that assists them in trying to figure out who killed [the victim], by specifically saying Worm told me and made a comment that he shot [the victim]?
>
> [Appellant's Counsel]:   Objection.
>
> [Trial Court]:      Overruled.

N.T., 7/13/12, at 98 (emphasis added). Appellant argues this statement by the Commonwealth implied to the jury that Appellant and his co-defendants were providing Sampson with drugs on a regular basis. Appellant's Brief at 29.

Assuming *arguendo* that the Commonwealth's remark was improper, it does not follow that a new trial is warranted if the error is harmless. "[A]n error may be considered harmless only when the Commonwealth proves beyond a reasonable doubt that the error could not have contributed to the

verdict." ***Commonwealth v. Luster***, 71 A.3d 1029, 1046 (Pa. Super. 2013) (*en banc*) (citation omitted), *appeal denied*, 83 A.3d 414 (Pa. 2013).

> The Commonwealth bears the burden of establishing the harmlessness of the error. This burden is satisfied when the Commonwealth is able to show that: (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial [e]ffect of the error so insignificant by comparison that the error could not have contributed to the verdict.

***Commonwealth v. Green***, 76 A.3d 575, 582 (Pa. Super. 2013) (citation omitted; italics added), *appeal denied*, 87 A.3d 318 (Pa. 2014).

In this case, the Commonwealth argues that any error was harmless due to Sampson's other testimony during trial, to which Appellant did not object. Commonwealth's Brief at 22-23. The Commonwealth highlights the following exchange during Sampson's direct examination with the Commonwealth.

> [Commonwealth]: Do you see Butter in the courtroom today?
>
> [Sampson]: I'm not sure. I'm not sure which one it is. Wait a minute. I think it's the middle one is Butter I think.
>
> [Commonwealth]: Okay. Your Honor, for the record identifying Alonzo Ellison by point of finger and also by location in relation to the other defendants. … How did you know Butter?

[Sampson]: Through drug activity.

[Commonwealth]: What do you mean?

[Sampson]: I would get drugs from him.

[Commonwealth]: And would you also get drugs from him inside the projects?

[Sampson]: No. Mostly I would have him come to my house.

[Commonwealth]: Did you know someone by the name of AI or Doughnut?

[Sampson]: Yes.

[Commonwealth]: Do you see that person in the courtroom today?

[Sampson]: I think this one on the end in the blue shirt.

[Commonwealth]: Your Honor, for the record, identifying the defendant, Mikechel Brooker. … How do you know Doughnut or AI?

[Sampson]: For the same thing, for the same reasons, drugs.

[Commonwealth]: You would get drugs from Doughnut?

[Sampson]: Yes.

[Commonwealth]: Do you also know somebody by the name or that you called Worm?

[Sampson]: Yes.

[Commonwealth]: Do you see Worm in the courtroom today?

[Sampson]: Yes, the one with purple.

- 19 -

> [Commonwealth]: Your Honor, identifying
> [Appellant], by point of finger and description of
> clothing. … And how did you know Worm?
>
> [Sampson]: Through the same reasons. For the
> same reasons.

N.T., 7/11/12, at 213-215.

Based on this exchange, at a minimum, we agree that any error was harmless in this instance. Sampson's trial testimony indicates that she obtained drugs from all three defendants. Appellant did not object to this testimony. As a result, any statement by the Commonwealth as to Appellant giving Sampson free drugs was harmless as it was *de minimis* and "was merely cumulative of other untainted evidence[.]" **Green**, **supra**. As a result, Appellant is not entitled to relief on this issue.

In his fifth issue, Appellant avers that the trial court erroneously instructed the jury on first-degree murder because the instruction, as given, "d[id] not define the element of premeditation or deliberation with any degree of precision." Appellant's Brief at 32. We note our well-settled standard of review pertaining to jury instructions.

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of

discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014) (citation omitted), *appeal denied*, --- A.3d ---, 126 MAL 2014 (Pa. 2014). Before addressing the merits of Appellant's claim, we must again address the Commonwealth's argument in its brief that Appellant has failed to preserve this issue for our review. The Commonwealth argues Appellant has waived this issue by not objecting to any of the jury instructions below. Commonwealth's Brief at 24.

As we noted above, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). With regard to jury instructions, "[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver." *Commonwealth v. Olsen*, 82 A.3d 1041, 1050 (Pa. Super. 2013) (citation omitted). "Generally, a defendant waives subsequent challenges to the propriety of the jury charge on appeal if he responds in the negative when the court asks whether additions or corrections to a jury charge are necessary." *Commonwealth v. Charleston*, 16 A.3d 505, 527-528 (Pa. Super. 2011) (citation omitted), *appeal denied*, 30 A.3d 486 (Pa. 2011).

In support of this argument, Appellant cites to two federal cases that define premeditation and deliberation.

"Premeditation can be successive, instantaneous thoughts of the mind." ***Chambers v. McDaniel***, 549 F[.]3d 1191, 1[200] (9th Cir. 2008). Deliberation requires "a dispassionate weighing process and consideration of consequences before acting." ***Id.*** at 1201. "[**D**]**eliberation** means considering and reflecting on the preconceived design to kill, turning it over in the mind, giving it a second thought," and that "although **premeditation** … may be as instantaneous as the thought itself, it's necessary that there be an appreciable time elapse between formation of the design, the decision, and the fatal act within which there is **deliberation**." ***United States v. Orleans-Lindsay***, 572 F. Supp. 2d 144, 16[0] (D. [D.C.] 2008).

Appellant's Brief at 32 (emphases in original).[10]  Instantly, Appellant argues the following part of the trial court's instruction was not given "in a comprehensible fashion." ***Id.*** at 31.  Appellant compares the instruction the trial court gave to an instruction that "describ[es] a white horse as a horse that is white." ***Id.***

In this case, the trial court instructed the jury as follows.

> A specific intent to kill exists if the defendant has fully formed intent to kill and is conscious of that intent.
>
> A killing by a person with the specific intent to kill is a killing with malice.
>
> A killing is with the specific intent to kill if it is willful, deliberate, and premeditated.

---

[10] We observe, "this Court is not bound by decisions of federal courts inferior to the United States Supreme Court, even though we may look to them for guidance." ***Commonwealth v. Huggins***, 68 A.3d 962, 968 (Pa. Super. 2013) (citation omitted), *appeal denied*, 80 A.3d 775 (Pa. 2013).

> The specific intent to kill, including the premeditation needed for first-degree murder, does not require planning or previous thought or any particular length of time. It can occur quickly.

N.T., 7/13/12, at 144-145. We have reviewed the entire jury instruction and portion of the transcript immediately preceding and following the trial court's charge to the jury. At no point before, during, or after the trial court's charge did Appellant object to the trial court's instruction. In fact, Appellant specifically stated that he had nothing to bring to the trial court's attention with regard to the charge. *Id.* at 154. Based on these considerations, we agree with the Commonwealth and deem Appellant's fifth issue on appeal waived for failure to object below.[11] *See Olsen*, *supra*; *Charleston*, *supra*.

In his sixth issue, Appellant argues the trial court erred when it sent back with the jury "redacted statements of Jeffrey Gould and Eleanore Sampson." Appellant's Brief at 33. In Appellant's view, "[t]he statements

_____

[11] Appellant also argues in one sentence that "[t]rial counsel was constitutionally ineffective for failing to request an instruction on each and every element of the offense of first[-]degree murder." Appellant's Reply Brief at 21. As this claim pertains to ineffective assistance of counsel, we decline to address it at this juncture. Appellant is free to raise this claim on collateral attack pursuant to the parameters of the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. *See generally Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (stating, "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal[]").

should not have been sent to the jury because it gave them a heightened level of importance they did not deserve …."[12] *Id.*

In reviewing Appellant's claim, we are guided by the following.

> Whether an exhibit should be allowed to go out with the jury during its deliberation is within the sound discretion of the trial judge." *Commonwealth v. Merbah*, [] 411 A.2d 244, 247 ([Pa. Super.] 1979) (citing *Commonwealth v. Pitts*, [] 301 A.2d 646 ([Pa.] 1973)); Pa.R.Crim.P. 1114 (renumbered 646, effective April 1, 2001).
>
> The underlying reason for excluding certain items from the jury's deliberations is to prevent placing undue emphasis or credibility on the material, and de-emphasizing or discrediting other items not in the room with the jury. If there is a likelihood the importance of the evidence will be skewed, prejudice may be found; if not, there is no prejudice *per se* and the error is harmless.
>
> *Commonwealth v. Dupre*, 866 A.2d 1089, 1103 (Pa. Super. 2005) (quoting *Commonwealth v. Strong*, [] 836 A.2d 884, 888 ([Pa.] 2003)).

_____

[12] The Commonwealth requests that we find this issue waived as Appellant's argument devoted to this issue only takes up one full page of the brief, and only has one general citation to caselaw. Commonwealth's Brief at 26. While it is true that this Court will typically not hesitate to find waiver where an argument is not developed, we decline to exercise such discretion in this instance. *Cf. Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived[]"), *cert. denied*, *Johnson v. Pennsylvania*, 131 S. Ct. 250 (2010). However, we do agree with the Commonwealth that to the extent Appellant argues Sampson's statement should have been redacted further, this argument is waived as Appellant only objected at trial on the grounds of its alleged heightened importance. *See* Appellant's Brief at 33; N.T., 7/13/12, at 166-167.

*Commonwealth v. Barnett*, 50 A.3d 176, 194 (Pa. Super. 2012) (internal parallel citations omitted), *appeal denied*, 63 A.3d 772 (Pa. 2013). Furthermore, Pennsylvania Rule of Criminal Procedure 646 permits the jury to have certain items with it during deliberations.

> **Rule 646. Material Permitted in Possession of the Jury**
>
> (A) Upon retiring, the jury may take with it such exhibits as the trial judge deems proper, except as provided in paragraph (C).
>
> …
>
> (C) During deliberations, the jury shall not be permitted to have:
>
>> (1) a transcript of any trial testimony;
>>
>> (2) a copy of any written or otherwise recorded confession by the defendant;
>>
>> (3) a copy of the information or indictment; and
>>
>> (4) except as provided in paragraph (B), written jury instructions.
>
> (D) The jurors shall be permitted to have their notes for use during deliberations.

Pa.R.Crim.P. 646.

After careful review, we conclude Appellant is not entitled to relief on this issue. Under Pennsylvania law, the jury is generally permitted to have witness statements with it during deliberations. *See Commonwealth v. Hall*, 565 A.2d 144, 148 (Pa. 1989) (concluding that the trial court did not

abuse its discretion in permitting the jury to have previously written and recorded witness statements with it during deliberations). Furthermore, Rule 646 does exclude the trial transcript from the jury's possession, but not prior witness statements entered into evidence as exhibits. *See, e.g.*, Pa.R.Crim.P. 646(A); 646(C)(1). Additionally, we agree with the Commonwealth that it is "illogical" to presume that the jury will attach heightened importance to certain statements by having them in the jury room. *See* Commonwealth's Brief at 26-27. Rather, the record shows here that the jury requested the statements to aid them in clarifying "the events of the shooting." N.T., 7/13/12, at 165. This Court has previously held that this is the policy reason behind allowing the jurors to use such exhibits. *See Commonwealth v. Bango*, 685 A.2d 564, 566 (Pa. Super. 1996) (stating, "where materials inform a jury and aid it in the difficult task of determining facts, the jury should be permitted to study those materials during its deliberations[]"), *affirmed*, 742 A.2d 1070 (Pa. 1999). Based on these considerations, we conclude that the trial court did not abuse its discretion in permitting the jury to have the witness statements during deliberations. *See Barnett*, *supra*.

In his seventh issue, Appellant avers that the trial court erred in imposing an aggregate sentence of 50 years to life imprisonment. Specifically, Appellant argues that the trial court failed to "consider [Appellant's] prospects for rehabilitation." Appellant's Brief at 35. Appellant

further avers that the trial court imposed such a sentence without considering any of the age related factors listed in 18 Pa.C.S.A. § 1102.1(d). *Id.* at 35-38. Appellant also argues that the trial court's sentence of 50 years to life imprisonment is the equivalent of a life sentence. *Id.* at 38. Appellant also claims the trial court "did not make an adequate record for appellate review." *Id.* at 35.

At the outset, we note that Appellant's arguments regarding his sentence pertain to the discretionary aspects of his sentence.[13] It is axiomatic that in this Commonwealth "[t]here is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citation omitted). When an appellant forwards an argument pertaining to the discretionary aspects of the sentence, this Court considers such an argument to be a petition for permission to appeal. *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014) (*en banc*) (citation omitted). "Rather, an [a]ppeal is permitted only after this Court determines that there is a substantial

_____

[13] We assume, without deciding, that a failure to take into account the Section 1102.1(d) factors goes to the discretionary aspects of a defendant's sentence, even though Appellant mentions the Eighth Amendment. *See* Appellant's Brief at 38. Even if said issue did present a non-waivable challenge to the legality of the sentence, Appellant would not be entitled to relief as Section 1102.1(d)'s age factors are only for sentences of life imprisonment without the possibility of parole. *See* 18 Pa.C.S.A. § 1102.1(d) (stating, "[i]n determining whether to impose a sentence of life without parole under subsection (a), the court shall consider and make findings on the record regarding the following [factors]").

question that the sentence was not appropriate under the sentencing code."

***Commonwealth v. Cartrette***, 83 A.3d 1030, 1042 (Pa. Super. 2013) (*en banc*) (internal quotation marks and citation omitted).

Prior to reaching the merits of a discretionary sentencing issue, this Court is required to conduct a four-part analysis to determine whether a petition for permission to appeal should be granted.

> (1) [W]hether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Commonwealth v. Trinidad***, 90 A.3d 721, 729 (Pa. Super. 2014) (citation omitted).

In the case *sub judice*, we note that Appellant has failed to include in his brief the required Rule 2119(f) statement. We further note that the Commonwealth has objected in its brief to the omission of the same. Commonwealth's Brief at 29. This Court has repeatedly held that when a defendant fails to include a Rule 2119(f) statement and the Commonwealth objects, we are precluded from addressing the claim on the merits. ***Commonwealth v. Karns***, 50 A.3d 158, 168 (Pa. Super. 2012), *appeal denied*, 65 A.3d 413 (Pa. 2013). As the Commonwealth has done so here, we deny Appellant's petition for permission to appeal the discretionary

aspect of his sentence.[14]  ***See Buterbaugh***, ***supra***; ***Tobin***, ***supra***; ***Trinidad***, ***supra***.

Based on the foregoing, we conclude that all of Appellant's issues are either waived or devoid of merit.  Accordingly, the trial court's December 17, 2012 judgment of sentence is affirmed.

Judgment of sentence affirmed.  Application for post-submission communication granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/23/2014

---

[14] In his reply brief, Appellant attempts to add to this issue by "incorporat[ing] by reference the issues and arguments presented in the co-defendant's brief to the extent applicable."  Appellant's Reply Brief at 23. Appellant baldly argues that "there appears to be no prohibition against incorporation by reference."  ***Id.***; ***but see Commonwealth v. Briggs***, 12 A.3d 291, 343 (Pa. 2011) (stating, "incorporation by reference is an unacceptable manner of appellate advocacy for the proper presentation of a claim for relief[]") (internal quotation marks and citation omitted), *cert. denied*, ***Briggs v. Pennsylvania***, 132 S. Ct. 267 (2011); ***Commonwealth v. Colavita***, 993 A.2d 874, 893 (Pa. 2010) (stating, "a reply brief is not an appropriate vehicle to raise a new claim[]") (citation omitted).  We therefore decline to address Appellant's attempt to incorporate another defendant's arguments any further as none of the same were addressed in Appellant's opening brief.