J-S07012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KARL R. SAMPSELL, | |
| Appellant | No. 980 MDA 2015 |

Appeal from the Order Entered February 5, 2015
In the Court of Common Pleas of Union County
Criminal Division at No(s):
CP-60-CR-0000166-2010
CP-60-CR-0000178-2009

BEFORE:  BOWES, OTT, AND FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED APRIL 19, 2016**

Karl R. Sampsell appeals from the order denying his petition for credit for time served following the trial court's imposition of a new sentence after it revoked his probation.[1]  We vacate the order below and remand for further proceedings in accordance with this memorandum.

Appellant initially pled guilty at No. 178-2009 to one count of possession with intent to deliver ("PWID") and one count of criminal use of a

---

[1] Although not addressed by the parties or the trial court, Appellant's petition was in the nature of a timely petition filed under the Post-Conviction Relief Act, 42 Pa.C.S.. §§ 9541-9546, as it raised an issue cognizable under the PCRA and was filed within one year after judgment of sentence became final. ***See Commonwealth v. Davis***, 852 A.2d 392, 399 (Pa.Super. 2004).

\* Former Justice specially assigned to the Superior Court.

communication facility. He was sentenced on October 12, 2010, to eleven and one-half months to twenty-three months imprisonment followed by three years probation on the PWID count. On the other count, he was sentenced to five years probation to run concurrently to the sentence imposed at the first count.

On September 15, 2011, Appellant pled guilty at No. 166-2010 to one count of PWID and was sentenced to six to twelve months incarceration, to run concurrently with the sentence at No. 178-2009, and a five-year period of probation to run consecutively to imprisonment and probation at that number. Thus, in effect, Appellant began serving an aggregate sentence of incarceration on October 12, 2010.

On March 24, 2014, while on probation, Appellant was charged with PWID, possession of a controlled substance, and possession of drug paraphernalia. The Commonwealth filed a motion to revoke Appellant's probation at both numbers on March 31, 2014. Following a hearing on May 16, 2014, the court revoked Appellant's probation and resentenced him at No. 178-2009 to one to two years imprisonment on the communications facility count and a consecutive term of one to three years incarceration on the PWID count.[2] At No. 166-2010, Appellant was resentenced to two and

---

[2] The certified record does not contain transcripts of the original sentencing hearings or the subsequent revocation and resentencing hearings.

one-half to five years incarceration, to be served consecutive to the sentences imposed at No. 178-2009. Thus, Appellant's new aggregate sentence was four and one-half years to ten years incarceration. The court then stated that Appellant would receive a Recidivism, Risk, Reduction, Incentive ("RRRI") sentence of forty-five months and twenty-five days, with a credit for time served of fifty-three days from March 24, 2014 to May 16, 2014.

On May 30, 2014, Appellant filed a motion to modify his sentence to state intermediate punishment, which the court denied. Upon subsequently learning that its RRRI calculation was incorrect, however, the court issued a June 25, 2014 order amending the sentence to forty-five months with the same credit for time served.[3]

On October 23, 2014, Appellant filed the *pro se* petition for credit for time spent in custody that is the subject of the within appeal, alleging that he was entitled to 598 days of credit for time served in prison on the aforementioned sentences. Counsel was appointed. On January 20, 2015, the court issued a rule upon the Commonwealth to respond to the petition,

---

[3] Even after the thirty-day period for a post-sentence motion has expired, the trial court has the inherent power to modify a sentence and correct patent or obvious mistakes such as credit for time served. **See Commonwealth v. Martz**, 926 A.2d 514 (Pa.Super. 2007); 42 Pa.C.S. § 5505.

which it did.  Following a hearing on February 5, 2015, the court dismissed the petition.

Appellant timely appealed and complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The court issued its Rule 1925(a) opinion and the matter is ripe for our review. Appellant presents one issue: "Whether the Lower Court abused its discretion and failed to give proper credit for time served."  Appellant's brief at 7.

The within petition was filed almost four months after the trial court modified Appellant's sentence and that sentence became final.  Although the trial court did not expressly state that it was treating the petition as a first PCRA petition, it appointed counsel and held a hearing.  *See Commonwealth v. Fowler*, 930 A.2d 586, 590 (Pa.Super. 2007) (treating motion for time credit as petition for PCRA relief).  Since the PCRA is the only method for obtaining collateral review where an issue is cognizable under that Act, this petition will be treated as a first PCRA petition.  *See Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa.Super. 2002) (concluding the appellant's motion to vacate sentence qualified as a PCRA petition).

> Our standard of review of a trial court's denial of PCRA relief is limited to determining whether the order is supported by the record evidence and is free of legal error. *Commonwealth v. Liebensperger*, 2006 PA Super 178, 904 A.2d 40, 44 (Pa.Super. 2006); *Commonwealth v. Yakell*, 2005 PA Super 209, 876

- 4 -

A.2d 1040, 1042 (Pa.Super. 2005). Our scope of review is limited to the PCRA court's factual findings and the evidence of record. **Commonwealth v. Duffey**, 585 Pa. 493, 502, 889 A.2d 56, 61 (2005). We grant great deference to the PCRA court and will not disturb findings supported by the certified record. **Commonwealth v. Sampson**, 2006 PA Super 119, 900 A.2d 887, 890 (Pa.Super. 2006), appeal denied, 589 Pa. 720, 907 A.2d 1102 (2006).

**Bowser**, at 590. The alleged failure to award credit for time served prior to revocation of probation and resentencing presents a legality of sentence question subject to plenary review. **Commonwealth v. Menezes**, 871 A.2d 204 (Pa.Super. 2005).

Appellant alleges that he was entitled to credit under 42 Pa.C.S. § 9760 for 598 days he spent in prison at Nos. 178-2009 and 166-2010. He breaks down the dates as follows:

4/20/09 – 4/21/09 = 1 day
4/9/10 - 5/10/10 = 31 days
10/12/10 – 2/15/12 = 492 days
3/24/14 -6/5/14 = 74 days

Petition for time Spent in Custody, 10/21/14, at 4. He acknowledges that he received thirty-one days of credit at No. 166-2010 and fifty-four days of credit from March 24, 2014 to May 16, 2014, at the revocation sentencing. In essence, he is seeking one day of credit for April 20, 2009, the 492 days he spent incarcerated on the original sentences, and twenty-one days he served in the county from May 16, 2014 to June 5, 2014, prior to being accepted at a state facility.

The Commonwealth counters that under **Bowser**, **supra**, Appellant already received credit for the 492-day period of incarceration from October 12, 2010 through February 15, 2012, when he was paroled. The **Bowser** Court reasoned that credit was given when the defendant therein was paroled and did not have to serve the remaining portion of his incarceration. Credit having been given once, the **Bowser** Court concluded there was no reason to award duplicate credit in the second component of the sentence, *i.e.*, probation.

We agree with the Commonwealth that no credit is due against Appellant's original sentence. When a defendant's probation is revoked, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the probation. 42 Pa.C.S. § 9771(b); **see Commonwealth v. Infante**, 63 A.3d 358, 365 (Pa.Super. 2013) (upon revocation of probation, the sentencing court is limited only by the maximum sentence it could have imposed at the time of the original sentence). When a split sentence is originally imposed, the term of imprisonment together with the probationary period cannot exceed the statutory maximum. However, when probation is revoked on a split sentence, the probationary time served is not considered for purposes of calculating whether the statutory maximum is exceeded. 42 Pa.C.S. § 9771(b); **Commonwealth v. Crump**, 995 A.2d 1280 (Pa.Super. 2010). At

re-sentencing, the trial court need only give due consideration to the time spent on probation, but need not credit any probationary time. *Id*. *Bowser*, *Crump*, and *Infante* make it clear that a defendant is entitled to time served following revocation of probation only if the total sentences imposed exceed the statutory maximum.

Appellant's new sentence, added to his original sentence, does not exceed the statutory maximum that could have been imposed originally. At No. 178-2009, Appellant was sentenced to eleven and one-half months to twenty-three months imprisonment followed by three years probation for PWID, which carries a maximum sentence of ten years. 35 P.S. § 780-113(a)(30). Upon revocation, he was sentenced to one to three years incarceration on that count. That aggregate sentence did not exceed the statutory maximum. On the third-degree felony communications count, Appellant was originally sentenced to five years probation. Upon revocation, he was sentenced to 1-2 years imprisonment on that charge. Again, the combined sentence did not exceed the statutory maximum of seven years for the third-degree felony. The revocation sentence of two and one-half to five years incarceration imposed at No. 166-2010, together with the original sentence of six to twelve months imprisonment, an aggregate sentence of three to six years imprisonment, did not exceed the ten year statutory maximum for PWID. Since the total sentences imposed herein did not exceed the statutory maximum sentences, Appellant is not entitled to a

credit for 492 days of time served on the original sentence. *Cf*.

***Commonwealth v. Williams***, 662 A.2d 658 (Pa.Super. 1995) (where the

defendant had already served time and then was sentenced after revocation

of probation to the lawful maximum, he should have been awarded credit for

original time served).

Appellant already received thirty-one days credit for April 20, 2010 to

May 10, 2010. Of the seventy-four days he seeks, fifty–three days were

credited in the May 16, 2014 sentencing order. The Commonwealth has no

objection to awarding Appellant credit for the twenty-one days he spent in

the county jail before he was accepted into a state facility. However, the

sentencing court declined to award credit for that time, finding that this

twenty-one day period would be applied by the Department of Corrections

towards Appellant's parole eligibility date.

Title 42 Pa.C.S. § 9760, governing credit for time served, does not

address time spent in custody after imposition of sentence.[4] We agree with

---

[4] 42 Pa.C.S. § 9760. Credit for time served.

> After reviewing the information submitted under section 9737
> (relating to report of outstanding charges and sentences) the
> court shall give credit as follows:
>
> (1) Credit against the maximum term and any
> minimum term shall be given to the defendant for all
> time spent in custody as a result of the criminal
> charge for which a prison sentence is imposed or as

*(Footnote Continued Next Page)*

the trial court that the Department of Corrections should credit Appellant's twenty-one days from May 17, 2014 to June 5, 2014 in calculating his parole date. Remaining is whether Appellant is entitled to one day of credit for April 20, 2009 to April 21, 2009, when he was in custody awaiting bail on the initial charges at No. 178-2009. The trial court did not address the issue. Since it appears that Appellant never previously received credit for this time spent in custody awaiting bail, we vacate the order and remand for the PCRA court to enter an order crediting Appellant with one day of time served.

Order vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judge Fitzgerald Joins the Majority

Judge Ott Concurs in the Result.

_(Footnote Continued)_ —————————

a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/19/2016