J-S47023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES EDWIN HOLLEY | |
| Appellant | No. 1254 MDA 2015 |

Appeal from the PCRA Order May 13, 2015
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000336-2009
CP-50-CR-0000447-2009

BEFORE: SHOGAN, J., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                          **FILED AUGUST 31, 2016**

Appellant Charles Edwin Holley appeals from the May 13, 2015 order entered in the Perry County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. We affirm.

On February 2, 2010, a jury convicted Appellant of three counts of recklessly endangering another person ("REAP"), three counts of simple assault, two counts of aggravated assault, and one count each of criminal attempt, criminal conspiracy, terroristic threats, possession of firearm with altered manufacturer's number, persons not to use or possess firearms, and

receiving stolen property.[1]  On March 4, 2010, the court sentenced Appellant to an aggregate term of 13 to 32 years' incarceration.  Appellant filed a post-sentence motion, which was denied by operation of law on September 8, 2010.  Appellant filed a timely notice of appeal and this Court affirmed his judgment of sentence on August 2, 2011.  Appellant filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was denied on February 9, 2012.

Appellant filed a *pro se* PCRA petition, which was dated August 7, 2012 and filed August 9, 2012.  On February 15, 2013, appointed counsel filed an amended petition.  The PCRA court conducted an evidentiary hearing on October 17, 2013.

On October 31, 2013, counsel filed a motion to withdraw as counsel.  On November 18, 2013, the PCRA court issued a notice of its intent to grant counsel's petition to withdraw and to dismiss Appellant's PCRA petition, and advised Appellant he could file a response within 20 days.  On December 2, 2013, Appellant filed a petition for extension of time to file response/objections.  Appellant filed two responses, on April 3, 2014 and August 1, 2014, both beyond the 20-day time period.  On October 10, 2014, Appellant filed a notice of appeal.  On November 25, 2014, this Court quashed the appeal because the trial court had not issued a final order.

---

[1] 18 Pa.C.S.A. §§ 2705, 2701(a), 2702, 901, 903, 2706(a)(1), 6110.2, 6105, and 3925,  respectively.

On May 13, 2015, the PCRA court denied the PCRA petition and granted counsel's motion to withdraw. On June 8, 2015 Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal:

> I. Whether trial counsel erred for failing to use the evidence contained in the prosecution's case file to impeach the testimony of Commonwealth witness Chris Mutzabaugh?
>
> II. Whether trial counsel erred for not admitting into evidence Dominick Sims' statement at trial and for failing to interview this witness?
>
> III. Whether trial counsel erred by not objecting to the prosecutor's fabrication and/or misstatement of evidence to the jury during his closing summation?
>
> IV. Whether PCRA counsel was ineffective for his failure to adequately represent Appellant during his PCRA proceedings by failing to raise all claims Appellant[] wished to have raised without providing Appellant with a proper analysis prior to withdrawing?
>
> V. Whether the PCRA court erred in allowing PCRA counsel to withdraw without complying with the mandates of **Turner/Finley**[2]?

Appellant's Brief at 2.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error."

---

[2] **Commonwealth v. Turner,** 544 A.2d 927 (Pa.1988); **Commonwealth v. Finley,** 550 A.2d 213 (Pa.Super.1988) (*en banc*).

*Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super.2011) (citing *Commonwealth v. Morales*, 701 A.2d 516, 520 (Pa.1997)).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Spotz*, 84 A.3d at 311 (quoting *Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)). "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

Appellant first alleges trial counsel was ineffective for failing to use the evidence contained in the prosecution's case file to impeach the testimony of Commonwealth witness Chris Mutzabaugh. Specifically, he maintains Mutzabaugh had a criminal record and had open charges when he testified against Appellant. Appellant's Brief at 10. He alleges trial counsel should have used this information to impeach Mutzabaugh. *Id.*

At the PCRA hearing, Appellant's trial counsel testified that he did not want to impeach Mutzabaugh. N.T., 10/17/2013, at 88-90. Rather, counsel wanted the jury to believe Mutzabaugh, who had testified that he was not sure whether Appellant attempted to pull the trigger. *Id.* Further, Mutzabaugh testified at the PCRA hearing that he testified truthfully at

- 4 -

Appellant's trial. *Id.* at 80.[3] Although Mutzabaugh had previously signed an affidavit stating he had received threats of a harsh prosecution if he failed to testify against Appellant, at the PCRA hearing he stated that he signed this affidavit in exchange for drugs. *Id.* at 76-77.

The trial court found Appellant's claim lacked merit. Final Memorandum, 3/8/2016, at 3 ("1925(a) Opinion").[4] It found there was no need to impeach Mutzabaugh because he testified truthfully at trial. *Id.* The PCRA court concluded that Appellant failed to establish prejudice, because it was unlikely the attempted impeachment would have resulted in a different outcome. *Id.* This determination was supported by the record and free from error.[5]

Appellant next contends trial counsel was ineffective for failing to admit as evidence at trial a statement from Dominick Sims during a police interview and for failing to interview Sims. Appellant's Brief at 12-14.

---

[3] Mutzabaugh also stated that although there were pending charges and he feared he would be sentenced to the maximum, he had no discussions with the Commonwealth regarding the sentence and the Commonwealth did not threaten Mutzabugh. N.T., 10/17/2013, at 70-71.

[4] Pagination for the 1925(a) opinion has been supplied by this Court.

[5] Further, counsel had a reasonable basis for not impeaching Mutzabaugh, as his argument at trial and on appeal was that there was no evidence Appellant attempted to pull the trigger, and Mutzabaugh's testimony supported this argument.

Appellant claims the statement contradicted the testimony provided by Mutzabaugh. *Id.* at 13.

In his statement to police, Sims stated:

> Charles Hollie knocked on the door and was welcomed inside the home[. U]pon entering, he greeted myself, Jennifer and Chris. He then walked over to Chris and pulled out what appeared to be a small handgun. He stated to Chris[: "]Oh just so you know, I can kill you or anybody at anytime.["] Chris then said, ["]Chuck, that isn't funny man, give me the gun," and Chuck handed him the gun.

PCRA Petition, at Exhibit 1, Statement of Dominick Joseph Sims to Police dated May 30, 2009. Appellant offered affidavits from his mother and friend stating they informed counsel that Sims was available and willing to testify at trial. PCRA Petition, at Exhibit 5-B

A PCRA petitioner cannot prevail on a claim of trial counsel's ineffectiveness for failure to call a witness unless the petitioner shows that: "(1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial." *Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa.2007). To satisfy the prejudice prong of this analysis, a PCRA petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Commonwealth v. Gibson*, 951 A.2d 1110, 1134 (Pa.2008) (citations omitted).

The PCRA court found that counsel had a reasonable strategy for not calling Sims because, as discussed above, he did not want to impeach the testimony of Mutzabaugh. 1925(a) Opinion at 4. Further, the court noted that Sims is deceased and, therefore, Appellant cannot establish Sims would have testified on his behalf.[6] *Id.*

The PCRA court's conclusion that this ineffective assistance of counsel claim lacks merit is supported by the record and free of legal error.[7]

Appellant next claims his trial counsel was ineffective for failing to object to the assistant district attorney's alleged fabrication and/or misstatement of evidence to the jury during his closing summation. Appellant's Brief at 24. Appellant claims that during closing arguments the assistant district attorney discussed a statement Appellant made to police and misstated its contents. *Id.*

At trial, Trooper Barry Calhoun testified to the following:

> Yes, Charles said that he did enter – he did not knock and was invited inside. And at that point he met with his girlfriend, Jen Myers. They had some words and then Charles said that he did approach Chris with the handgun and pointed it at him. He did say that he did it under advisement of his brother.

---

[6] The testimony at trial established that Sims was in Florida at the time of the trial. N.T., 2/2/2010, at 114-15.

[7] Appellant also claims trial counsel was ineffective for failing to investigate Sims. However, the interview statement, in which Sims states Appellant pointed a gun at Mutzabaugh and stated he "could kill anybody at anytime" suggests Sims' testimony would not have been helpful to Appellant.

N.T., 2/2/2010, at 111.

During his closing argument, the assistant district attorney stated:

And when they arrested this guy, he told them he did it. He said I took a gun there, I pointed it at Chris, I was drinking that night, and Luke told me to do it, kill myself while I was at it.

N.T., 2/2/2010, 157. Appellant maintains counsel should have objected to this argument.

This Court applies the following standard to prosecutorial misconduct claims:

In reviewing prosecutorial remarks to determine their prejudicial quality, comments cannot be viewed in isolation but, rather, must be considered in the context in which they were made.

Generally, comments by the district attorney do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict.

**Commonwealth v. Sampson**, 900 A.2d 887, 890 (Pa.Super.2006) (quoting **Commonwealth v. Correa**, 664 A.2d 607, 609 (Pa.Super.1995)).

The PCRA court found the issue lacked merit because the statement during closing argument did not misstate or fabricate the evidence. Rather, Appellant only established he disagreed with the inference made from the statements. 1925(a) Opinion, at 5. The PCRA court further noted that the assistant district attorney's statement was based on a trooper's testimony, who stated Appellate related to him that "he did approach Chris with the

handgun and pointed it at him." *Id.* The PCRA court's determination that the prosecutorial claim lacked merit was supported by the record and free of legal error. Accordingly, because the prosecutorial misconduct claim lacked merit, Appellant's ineffective assistance of counsel claim also lacks merit. *See, e.g., Spotz*, 84 A.3d at 311 (to establish ineffective assistance of counsel, petitioner must prove underlying claim had merit).

Appellant's fourth claim maintains PCRA counsel was ineffective for failing to raise all claims Appellant wished to have raised without providing Appellant with a proper analysis prior to withdrawing.[8] Appellant maintains counsel failed to follow the dictates of *Turner/Finley* because he failed to raise meritorious claims. Appellant's Brief at 27. He claims counsel failed to include meritorious claims, including that trial counsel failed to impeach Mutzabaugh, failed to use Sims' statement, and failed to object to the prosecutor's closing argument. However, as discussed above, these issues are meritless. The PCRA court found Appellant's PCRA counsel ineffectiveness claim meritless, noting counsel cannot raise a claim he

---

[8] Appellant's submissions in response to the PCRA court's notice of intent to dismiss the petition challenge PCRA counsel's ineffectiveness. Although the responses were not timely filed, Appellant requested an extension and the PCRA court reviewed the PCRA counsel ineffectiveness claims.

believes lacks merit. 1925(a) Opinion at 6-7. This conclusion is supported by the record and free from legal error.[9]

Appellant's final claim maintains the PCRA court erred when it permitted PCRA counsel to withdraw without ensuring the requirements of **Turner/Finley** were met.[10] Appellant's Brief at 29. As with his PCRA counsel ineffectiveness claim, Appellant maintains counsel failed to address meritorious arguments. However, as discussed above, Appellant's issues lack merit. Further, our independent review of the record has revealed no

_____

[9] Counsel's motion to withdraw included these claims, but argued they were meritless. **See** Motion to Withdraw Under the Post Conviction Relief Act, filed Oct. 31, 2013.

[10] Competent PCRA counsel must conduct an independent review of the record before a trial court can authorize counsel's withdrawal. **Commonwealth v. Freeland**, 106 A.3d 768, 774 (Pa.Super.2014). The independent review

> requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list[ing] each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

**Id.** (internal citation omitted). PCRA counsel must also serve a copy of counsel's petition to withdraw as counsel and the 'no-merit' brief on petitioner and write a letter advising the petitioner that he or she has the right to proceed *pro se* or with the assistance of privately retained counsel. **Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa.Super.2011) (quoting **Commonwealth v. Friend**, 896 A.2d 607 (Pa.Super.2006), *abrogated in part by* **Commonwealth v. Pitts**, 981 A.2d 875, 876 (Pa.2009)).

meritorious claims that Appellant could have raised, and we agree with the PCRA court and PCRA counsel that the petition lacked merit.[11]

Accordingly, Appellant's claims of counsel ineffectiveness and PCRA court error lack merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/31/2016

---

[11] Although the record does not contain a letter from counsel to Appellant enclosing the **Turner/Finley** letter, it does contain a letter from Appellant noting he did not oppose counsel's motion to withdraw and two responses from Appellant to the PCRA court's notice of intent to dismiss.