J-S85028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| LOUIS CHUKWU | |
| Appellant | No. 1711 EDA 2015 |

Appeal from the PCRA Order May 4, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010979-2011

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY RANSOM, J.                    **FILED JANUARY 09, 2017**

Appellant, Louis Chuckwu, appeals from the May 4, 2015 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In March 2013, a jury convicted Appellant of aggravated indecent assault without consent, indecent assault without consent, unlawful contact with a minor, and corruption of minors.[1]  In June 2013, Appellant was sentenced to an aggregate term of six to twelve years of incarceration for the aggravated indecent assault and unlawful contact with a minor.  The trial court also sentenced Appellant to a concurrent term of one to two years of

---

[1] 18 Pa.C.S. §§ 3125(a)(1), 3126(a)(1), 6318(a)(1) and 6301(a)(i), respectively.

- 1 -

incarceration for the indecent assault without consent. No further sentence was imposed on the charge of corruption of minors.

Appellant timely appealed his judgment of sentence; however, he discontinued the appeal in November of 2013. Appellant timely filed a PCRA petition in February 2014. In May 2015, following a hearing, the PCRA court denied Appellant's petition holding that there were no meritorious arguments therein.[2]

On June 1, 2015, Appellant timely appealed the dismissal of his PCRA and thereafter filed a court-ordered 1925(b) statement. The PCRA court issued an opinion in January 2016.

Appellant raises the following issue:

1. Did the PCRA Court err by holding that trial counsel was not ineffective for failing to object and move for a mistrial after the prosecutor thrice personally denigrated [Appellant] during her outrageous closing argument?

Appellant's Brief at 4.

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We afford the court's factual

---

[2] Appellant raised numerous claims of ineffective assistance of counsel in his counseled PCRA petition; however, the trial court limited the scope of the PCRA hearing to the single claim of whether trial counsel was ineffective for failing to object to hearsay statements by Appellant's niece, A.N. Notes of Testimony (N.T.), 5/4/15, at 3.

findings deference unless there is no support for them in the certified record. ***Commonwealth v. Brown***, 48 A.3d 1275, 1277 (Pa. Super. 2012) (citing ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010)).

We presume counsel is effective. ***Commonwealth v. Washington***, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." ***Commonwealth v. Johnson***, 966 A.2d 523, 533 (Pa. 2009). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** Counsel will not be considered ineffective for failing to pursue meritless claims. ***Commonwealth v. Tilley***, 780 A.2d 649 (Pa. 2001). A claim will be denied if the petitioner fails to meet any of these requirements. ***Commonwealth v. Springer***, 961 A.2d at 1267 (citing ***Commonwealth v. Natividad***, 938 A.2d 310, 322 (Pa. 2007)); ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

Appellant contends trial counsel was ineffective for failing to object to the Commonwealth's closing statement, wherein Appellant asserts the prosecutor inserted her personal opinion, thrice asking Appellant, "How dare you?" Appellant's Brief at 10-14.

With regard to a prosecutor's statement,

Generally, a prosecutor's arguments to the jury are not a basis for the granting of a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the accused which would prevent them from properly weighing the evidence and rendering a true verdict.

*Commonwealth v. Spotz*, 896 A.2d 1191, 1222 (Pa. 2006). A prosecutor must be free to present her arguments with logical force and vigor, and advocacy is permitted so long as there is a reasonable basis in the record for the prosecutor's remarks. *See Commonwealth v. Chmiel*, 30 A.3d 1111, 1146 (Pa. 2011). Comments based on the evidence or reasonable inferences therefrom are not objectionable, nor are comments amounting to oratorical flair. *Id.*

In reviewing the closing remarks of a prosecutor, we must consider the context in which they were made. *Commonwealth v. Judy*, 978 A.2d 1015, (Pa. Super. 2009) (citing *Commonwealth v. Sampson*, 900 A.2d 887, 890 (Pa. Super. 2006)). While it is improper for a prosecutor to express a personal belief as to the credibility of the defendant or other witnesses, the prosecutor may present argument regarding witnesses' credibility if previously attacked by defense counsel. *Commonwealth v. Chmiel*, 889 A.2d 501, 544 (Pa. 2005). Furthermore, "a prosecutor's contention that a defendant lied is neither unfair nor prejudicial when the outcome of the case is controlled by credibility, the accounts of the victim

and the defendant conflict, and defense counsel suggests that the victim is fabricating." ***Judy***, 978 A.2d at 1024.

In the instant case, Appellant's closing argument was based on the theory that the ten-year-old victim, R.F., fabricated her story of being awoken by Appellant inserting his fingers into her vagina as she lay in a bed with Appellant's sleeping daughters and niece. N.T., 3/6/13, at 15-19, 163-66. Trial counsel questioned all the members of Appellant's family present on the night of the incident, including A.N., who denied making a statement to the victim that Appellant had done "the same thing to her."[3] ***Id***. at 20-24, 40-48, 135-43, 160-66. Trial counsel argued that the members of the family, including Appellant, testified truthfully. ***Id***. at 160-166. Furthermore, trial counsel asked the jury to assess whether the victim lied when testifying, asking, "Why would she make it up, I don't know. But that's not our burden." ***Id***. at 166. The entire case hinged on the credibility of the victim.

In response, the prosecutor compared the motives of the witnesses who testified:

> Let's talk about the other witnesses, his children and his niece. How dare you put your children through that. How dare you. Now I'm not going to call a child a liar. They were all very brave. I met them beforehand, and I did my best to make them all comfortable. But nobody wants to see their daddy go to jail.

---

[3] Appellant's three children, niece and wife were at home at the time of the incident. Trial Court Opinion, 1/14/15, at 4-5.

> Nobody wants to see anything bad happen to their uncle, especially if you think maybe you had something to do with it because you told your friend that he did it to you, too. On one side we have a girl with nothing to gain and no motivation [to] lie. And on the other side we have three children with a whole lot to lose here. How dare you parade your children in and out of here that way.

*Id*. at 175.

Examining these remarks in context, it is evident that the statements were proper, as they were (1) based upon the evidence and reasonable inferences therefrom, and (2) oratorical flair responsive to Appellant's closing argument. *Chmiel*, 30 A.3d 1146 (Pa. 2011).

For the above reasons, Appellant's underlying claim of prosecutorial misconduct is without merit, and trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *See Tilley*, 780 A.2d 649 (Pa. 2001); *Johnson*, 966 A.2d at 533. Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's petition following an evidentiary hearing. Appellant's claim is without merit, and he is entitled to no relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/9/2017

- 6 -