COMMONWEALTH of Pennsylvania,
Appellee

v.

Kareem SAMPSON, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 7, 2005.

Filed May 23, 2006.

Jules Epstein, Philadelphia, for the Com., appellee.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for appellant.

BEFORE: FORD ELLIOTT, LALLY-GREEN, and JOHNSON, JJ.

OPINION BY LALLY-GREEN, J.:

¶ 1 Appellant, Kareem Sampson, appeals from the order denying his PCRA[1] petition on November 4, 2004, without a hearing. We affirm.

¶ 2 The facts and procedural history of the case are as follows:

In March of 1999, [Appellant] telephoned Natise Johnson to question her about her brother's relationship with [A]ppellant's former fiancée, Crystal Mack. [1] Unhappy with Natise Johnson's responses, [Appellant] went to Natise Johnson's home located at 5428 Lansdowne Avenue, in the City and County of Philadelphia. Natise Johnson had known [A]ppellant since middle school, so she allowed [him] into the living room where they began to talk. During their conversation, Natise Johnson informed [Appellant] that "Crystal was a big girl and could do whatever she wants." Frustrated with the situation, [A]ppellant put his gun to Natise Johnson's face and ordered her to tell him the whereabouts of her brother and Mack. She refused. [A]ppellant fired four times in Natise Johnson's head. Natise Johnson was found dead on the kitchen floor by her father later that day when he returned from work. At the time of her murder, Natise Johnson was nine (9) months pregnant. Her unborn child died twenty minutes after the shooting from a lack of oxygen.

[1] Crystal Mack and the [A]ppellant had dated for years and shared a

---

1. Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546.

child. She had left the [A]ppellant's home and started dating Natise Johnson's brother.

Following a jury trial, [Appellant] was found guilty of the first degree murder of Natise Johnson and first degree murder of her unborn child. After [the] penalty phase, the jury could not reach a unanimous decision on the issue of penalty. Appellant was sentenced to two concurrent terms of life in prison without parole.

At trial, [A]ppellant was represented by Ronald Joseph, Esquire. Subsequent to trial Mitchell Strutin, Esquire, was appointed for direct appeal. On August 13, 2002, the Superior Court affirmed the judgment of sentence. Petition for Allowance of Appeal to the Supreme Court was filed and subsequently denied on April 14, 2003.

On September 2, 2003, [A]ppellant filed a *pro se* Post Conviction Relief Act (PCRA) petition. After the Commonwealth's response and [A]ppellant's supplemental response, the PCRA [c]ourt issued a [Rule] 907 Notice on September 30, 2004 deeming the issues raised in the PCRA petition meritless. This appeal flows from the denial of [A]ppellant's PCRA petition.

PCRA Court Opinion, 6/22/05, at 1–2.

¶ 3 Appellant raises the following issues on appeal:

I.    [Whether] Appellant was denied the effective assistance of counsel, a fair trial, and Due Process of Law, when trial counsel failed to object to the prosecutor's closing argument which... injected issues of passion and otherwise irrelevant material, including the contention that a verdict of third-degree murder would be tantamount to an acquittal and giving the firearm back to [A]ppellant?

II.   [Whether] Appellant was denied effective assistance of counsel, a fair trial, and Due Process of Law, standing alone and cumulatively, when trial counsel failed to object to the trial court's... instructions on transferred intent, character evidence, and evidence of consciousness of guilt?

III.  [Whether] Appellant was denied the effective assistance of direct appeal counsel and Due Process of Law, when direct appeal counsel failed to identify the record-based claims of error contained in Petitioner's counseled Amended Petition?

Appellant's Brief at 5.[2]

¶ 4 The first issue we must address is whether Appellant was denied the effective assistance of counsel when trial counsel failed to object to the prosecutor's closing argument. Appellant asserts that the prosecution's closing argument injected issues of passion and otherwise irrelevant material. Specifically, the closing argument included the contention that a verdict of third-degree murder would be tantamount to an acquittal and giving the firearm back to Appellant. *See* N.T., 3/20/00, at 51.

2.  The PCRA court ordered Appellant to file a Concise Statement of Matters Complained of on Appeal on November 19, 2004. Appellant raised the issues now before us in his Concise Statement on December 9, 2004. Initially, we concluded that the issues were waived because the Concise Statement was untimely. However, we granted panel reconsideration after Appellant informed us that he had never received the trial court's written Rule 1925 order at the time it was issued, and that he immediately complied with the order after learning by telephone from the PCRA court that his Concise Statement was late.

¶ 5 This appeal is from the dismissal of Appellant's PCRA petition. Our "standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa.Super.2003). "Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record." *Id.*

¶ 6 In order to prevail on a claim of ineffective assistance of counsel, an appellant must show three things: "that the underlying claim has arguable merit, that counsel's performance was not reasonably designed to effectuate the defendant's interests, and that counsel's unreasonable performance prejudiced the defendant." *Commonwealth v. Lynch*, 820 A.2d 728, 733 (Pa.Super.2003). "A defendant is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it 'could have reasonably had an adverse effect on the outcome of the proceedings.'" *Commonwealth v. Howard*, 538 Pa. 86, 645 A.2d 1300, 1307 (1994), *citing Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 977 (1987).

¶ 7 In his first claim on appeal, Appellant asserts that trial counsel was ineffective because he failed to object to statements made by the prosecutor during closing arguments. The following rules regarding prosecutorial misconduct in closing arguments are well settled.

> In reviewing prosecutorial remarks to determine their prejudicial quality, comments cannot be viewed in isolation but, rather, must be considered in the context in which they were made. Generally, comments by the district attorney do not constitute reversible error unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant so that they could not weigh the evidence objectively and render a true verdict.

*Commonwealth v. Correa*, 444 Pa.Super. 621, 664 A.2d 607, 609 (1995), *citing Commonwealth v. Jubilee*, 403 Pa.Super. 589, 589 A.2d 1112, 1114 (1991). "This Court has established that the conduct of the prosecutor at closing argument is circumscribed by the concern for the right of a defendant to a fair and impartial trial." *Id.* In defining what constitutes impermissible conduct during closing argument, Pennsylvania follows Section 5.8 of the American Bar Association (ABA) Standards. *Id.* Section 5.8 provides:

> Argument to the jury.
>
> (a) The prosecutor may argue all reasonable inferences from evidence in the record. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.
>
> (b) It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant.
>
> (c) The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury.
>
> (d) The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict.

*Id.*

¶ 8 Turning to the facts of this case, we first consider the prosecutor's statements in the context in which they

were made. In his summation, the prosecutor responded to Appellant's defense that he lacked the intent to kill by stating:

We got the imprint of the gun on her cheek. And he wants to say there's not specific intent to kill? The imprint of the gun on her cheek, a gunshot into her brain. Then we have a gunshot into her nose a couple inches away, and a gunshot behind her ear a couple inches away. And we all want to go home and be happy with third degree murder. He didn't intend to kill. You know what, that's no more justice, third degree murder in this case, than if you give him this gun back and let him walk out of the courtroom. You might as well do that. Because third-degree murder would be equivalent to that. You know what he did, inches away.

N.T., 3/20/00, at 51.

■ ¶ 9 When the prosecutor's comments are considered in light of Appellant's defense that he lacked specific intent to kill, it is evident that the prosecutor did not use this argument in a manner calculated to inflame the passions or prejudices of the jury. The record reflects that the prosecutor's statement was not, as Appellant asserts, "a plebiscite on the issue of guns in the community." *See* Appellant's Brief at 13. The prosecutor simply restated the evidence that had been presented regarding the shooting in order to show that killing the victim was Appellant's intent at the time of the act. He also used rhetorical flair to argue that ignoring such clear evidence of intent would be tantamount to ignoring clear evidence of the killing itself. Prosecutors are entitled to use rhetorical flair to make their point. *See Commonwealth v. Ogrod,* 576 Pa. 412, 839 A.2d 294, 340 (2002).

¶ 10 By concluding that the prosecutor's closing argument was not improper, it follows that we cannot conclude that trial counsel was ineffective for failing to object. Thus, Appellant's claim of ineffective assistance fails because the underlying claim lacks arguable merit. Furthermore, even if the underlying claim had been meritorious, and assuming that counsel had no reasonable basis for not objecting, the record does not indicate a reasonable probability that the outcome of the proceedings would have been different if counsel had objected to the statements. There is no evidence that Appellant was prejudiced by the failure to object. This claim fails.

■ ¶ 11 Appellant also asserts that trial counsel was ineffective for failing to object to the prosecutor's emphasis that the murder took place on the adult victim's birthday (this statement was incorrect because the murders occurred on March 27, not March 17) and that at the time of trial the child, if it had been born, would have been approximately one year old. Again, the prosecutor was simply using rhetorical flair to stress a point. Prosecutors are entitled to do so. *Ogrod,* 839 A.2d at 340. Furthermore, the misstatement regarding the killing taking place on the victim's birthday, although incorrect, was not "...so pervasive or deliberate so that the unavoidable effect thereof was to prejudice the jury to the point that they could not fairly weigh the evidence." *See Commonwealth v. Fisher,* 559 Pa. 558, 741 A.2d 1234, 1243 (1999). Here, the record does not support Appellant's assertion that the cumulative effect of the prosecutor's statements was "highly inflammatory or prejudicial" to Appellant. Because Appellant has failed to demonstrate that he suffered prejudice by the prosecutor's statements and his counsel's failure to object, he is entitled to no relief.

¶ 12 For all of these reasons, Appellant's claim of trial counsel's ineffectiveness for failing to object to statements

made in the prosecutor's closing argument fails.

¶ 13 We next consider Appellant's claim that he was denied effective assistance of counsel when trial counsel failed to object to the trial court's instructions on transferred intent, character evidence, and evidence of consciousness of guilt. As this issue is essentially three separate questions combined into one issue, we will address each argument individually.

¶ 14 First, we will address whether trial counsel was ineffective for failing to object to the trial court's instructions on transferred intent. Appellant asserts that the doctrine of transferred intent has no place in this case because the intended victim, Natise Johnson, suffered the intended injury. *See* Appellant's Brief at 23. Appellant cites the Pennsylvania Crimes Code in support of his argument that "there is causation where the *mens rea* of intent is present and the only difference is that the intended victim does not suffer the harm but a different victim does." *Id.* at 24. "Here, an additional being [the unborn child] sustained the same injury. Hence transferred intent is inapplicable." *Id.* (emphasis in original). It follows, according to Appellant, that trial counsel was ineffective for failing to object to the instruction on transferred intent.

¶ 15 Appellant points to no cases which would provide support for this argument. There are cases in Pennsylvania, however, in which a defendant has been convicted of murder based on the doctrine of transferred intent, when the intended victim has also been killed. *See Commonwealth v. DeJesus,* 567 Pa. 415, 787 A.2d 394 (2001) (defendant convicted of murder of rival drug dealer and a bystander on basis of transferred intent after shooting both bystander and intended victim to death). Thus, Appellant's first argument regarding his first issue lacks arguable merit.

¶ 16 Appellant also asserts that the trial court's charge was constitutionally improper because "it created a mandatory presumption of intent (as to the death of the unborn child)." Appellant's Brief at 25. The trial court made the following instruction to the jury regarding transferred intent:

Under the doctrine of transferred intent, criminal responsibility is not affected by the fact that a person other than the intended victim is killed.

In this case you **may find** the defendant guilty of first-degree murder of unborn baby Johnson, if you find that, first, unborn baby Johnson is dead; second, the defendant caused the death of unborn baby Johnson; and third, that the defendant did so with the specific intent to kill themother [sic] of unborn baby Johnson... and acted with malice.

N.T., 3/20/00, at 84 (emphasis added). Contrary to Appellant's assertion, the record reflects that the jury instruction did not suggest that a presumption of intent to kill with respect to the unborn baby was mandatory. Because the underlying charge was proper, Appellant's claim of ineffectiveness lacks arguable merit. Thus, Appellant's ineffective assistance of counsel claim based on the jury instruction regarding transferred intent necessarily fails.

¶ 17 Appellant next asserts that trial counsel was ineffective for failing to object to the court's instruction regarding character evidence. Appellant argues that "the charge (and counsel's failure to object thereto) deprived [him] of a defense to the greater charge (first degree murder) by restricting consideration of character evidence to an all-or-nothing acquittal." Appellant's Brief at 27. In other words, Appellant claims that the instruction did not allow the jury to use character evidence as

a defense to only one charge, allowing for his conviction for a lesser crime.

¶ 18 Appellant cites no law in support of his argument. However, this Court and our Supreme Court have endorsed the following jury instructions on character evidence. Pennsylvania Standard Jury Instruction 3.06, provides, in pertinent part:

(3) The law recognizes that a person of good character is not likely to commit a crime which is contrary to his nature. Evidence of good character may by itself raise a reasonable doubt of guilt and justify a verdict of not guilty.

(4) You must weigh and consider the evidence of good character along with the other evidence in the case. If on all the evidence you have a reasonable doubt of the defendant's guilt you must find him not guilty. However, if on all the evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty you should find him guilty.

*See Commonwealth v. Khamphouseane,* 434 Pa.Super. 93, 642 A.2d 490, 496 n. 2 (1994). This instruction has been implicitly endorsed by the Pennsylvania Supreme Court. *See Commonwealth v. Neely,* 522 Pa. 236, 561 A.2d 1 (1989).

¶ 19 At Appellant's trial, the court instructed the jury:

Evidence of good character may, by itself, raise a reasonable doubt of guilt and require a verdict of not guilty. You must way [sic] and consider the evidence of good character along with the other evidence of this case. If on all the evidence you have a reasonable doubt of the defendant's guilt, you must find him not guilty. However, if on all the evidence you are satisfied beyond a reasonable doubt that the defendant is guilty, you must find him guilty.

N.T., 3/20/00, at 89–90. This instruction not only tracked the standard instruction, but it also does not imply an "all-or-noth-

ing verdict." It allowed for Appellant to be found "not guilty" of the most serious charge (first-degree murder), while still guilty of the lesser offense of third-degree murder. Thus, Appellant's claim lacks arguable merit.

¶ 20 Appellant further argues that trial counsel was ineffective for failing to object to the jury charge regarding concealment. Specifically, Appellant argues that the court's instruction was in error because it failed "to explain in any way that evidence of concealment or other proof of consciousness of guilt, is not sufficient, standing alone, to prove guilt." Appellant's Brief at 22. Therefore, he claims that trial counsel should have raised an objection to the charge to the jury. Again, Appellant cites no law in support of his argument.

¶ 21 The trial court made the following instruction to the jury regarding consciousness of guilt:

There was evidence tending to show that the defendant made false and contradictory statements, including but not limited to statements made by the defendant... when questioned by the police about the location of the gun. If you believe this evidence, **you may consider it as tending to prove** the defendant's consciousness of guilt. **You are not required to do so.** You should consider and weigh this evidence along with all the other evidence in this case.

N.T., 3/20/00, at 76–77 (emphasis added). The record thus indicates that the trial court instructed the jury that concealment by Appellant was only one factor to be considered to show guilt. Thus, there was no error in the court's instruction. Appellant's claim, therefore, lacks arguable merit and trial counsel was not ineffective for failing to object to the instruction. Appellant's claim of ineffectiveness of trial counsel fails.

¶ 22 The final issue we must address is whether direct appeal counsel was ineffective for failing to raise the above claims. "Claims involving appellate counsel ineffectiveness involve concerns unique to appellate practice." *Commonwealth v. Pitts,* 884 A.2d 251, 254 (Pa.Super.2005). "Arguably meritorious claims may be omitted in favor of pursuing claims which, in the exercise of appellate counsel's objectively reasonable professional judgment, offer a greater prospect of securing relief." *Id.* Furthermore, "an evaluation of counsel's performance is highly deferential, and the reasonableness of counsel's decisions cannot be based upon the distorting effects of hindsight." *Commonwealth v. Basemore,* 560 Pa. 258, 744 A.2d 717, 735 (2000), *citing Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

¶ 23 On direct appeal, Appellant's counsel raised six issues for review. This Court considered each issue and affirmed the judgment of sentence. *See Commonwealth v. Sampson,* 809 A.2d 964 (Pa.Super.2002) (unpublished memorandum). Appellant claims that the issues raised by his appellate counsel in his direct appeal did not outweigh the issues that are raised in the present appeal and that the exclusion of the issues now before us was not justified. Appellant's Brief at 31. He asserts that in a capital case every viable claim must be raised to ensure proper review. Assuming *arguendo* that this is a true statement of the law, and Appellant points to no cases in support of this argument, we note that this case is not a capital case. Appellant was not sentenced to death for the murders he committed.

¶ 24 Appellant also asserts that "[a]bsent a showing that direct appeal counsel found, researched and then knowingly elected to forego [sic] claims now raised [in a PCRA petition], effectiveness cannot be shown." Appellant's Brief at 30. This argument also fails. Both the record, and Appellant's brief, provide no indication that direct appeal counsel failed to research or knowingly ignored the issues Appellant now claims should have been raised. Because it is presumed that counsel was effective, absent a showing to the contrary by Appellant, we cannot find ineffectiveness based on Appellant's naked assertion. Furthermore, we note that we have already rejected the substance of Appellant's claims.

¶ 25 Finally, Appellant contends that the legal arguments raised by counsel on direct appeal "were not substantially meritorious." Since this Court rejected those arguments raised on direct appeal, Appellant's contention is basically true. However, as our Supreme Court has stated, "the reasonableness of counsel's decisions cannot be based upon the distorting effects of hindsight." *Basemore,* 744 A.2d at 735. There is no evidence in the record that would suggest that direct appeal counsel had no reasonable basis for failing to pursue the claims Appellant argues should have been raised. Furthermore, the record does not indicate that the outcome on direct appeal would have been different if the issues now before us had been raised at that time. As discussed above, we conclude that the issues currently before us are without merit. Therefore, we cannot deem direct appeal counsel ineffective for failing to raise them earlier. Thus, Appellant is not entitled to relief.

¶ 26 We conclude that the PCRA court's disposition of this case is supported by the evidence of record and free of legal error. Therefore, we affirm.

¶ 27 Order affirmed.