J-S67019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| WILLIAM ERIC WEBB | |
| Appellant | No. 540 EDA 2016 |

Appeal from the PCRA Order January 20, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004215-2012

BEFORE: FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.                    **FILED OCTOBER 11, 2016**

William Eric Webb (Appellant) appeals from the January 20, 2016 order denying his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

In March 2014, a jury convicted Appellant of four counts each of Aggravated Indecent Assault and Indecent Assault, and not guilty of two counts of Indecent Assault.[1] Appellant's Motion for Extraordinary Relief was denied on July 28, 2014. Appellant was subsequently found to be a Sexually Violent Predator and was sentenced to an aggregate term of seven to fourteen years' imprisonment. Appellant filed a motion for reconsideration on August 6, 2014, which was denied by the court on December 5, 2014.

---

[1] 18 Pa. C.S.§§ 3125(a), and 3126(a)

---

[*]Former Justice specially assigned to the Superior Court.

Appellant appealed his judgment of sentence on December 31, 2014. However, appointed counsel discontinued the appeal on March 13, 2015.

On July 17, 2015, through new counsel, Appellant timely filed a PCRA petition, asserting ineffective assistance of trial counsel on several grounds. On December 17, 2015, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. The court dismissed his petition on January 20, 2016.

On February 11, 2016, Appellant timely appealed the dismissal of his PCRA and thereafter filed a court-ordered 1925(b) statement. The PCRA court issued a responsive statement.

Appellant raises the following issue:

1. Did the PCRA Court err by dismissing Appellant's PCRA Petition without a hearing where appellant claimed prosecutorial misconduct had not been properly objected to and preserved in the lower court by trial counsel where the prosecutor's closing speech improperly and repeatedly commented upon the credibility of the prosecution's witnesses and of the Appellant and attempted to shift the burden of proof to the Appellant?

Appellant's Brief at 3.

We will address Appellant's issue in two parts: (1) whether the PCRA court erred in dismissing Appellant's petition without a hearing; and (2) whether trial counsel was ineffective for failing to object to alleged prosecutorial misconduct.

Appellant asserts the PCRA court erred in denying his petition without a hearing. There is no absolute right to an evidentiary hearing. ***See***

*Commonwealth v. Springer*, 961 A.2d 1262, 1264 (Pa. Super. 2008). On appeal:

> A reviewing court must examine the issues raised in the PCRA petition in light of the record in order to determine whether the PCRA court erred in concluding that there were no genuine issues of material fact and in denying relief without an evidentiary hearing.

*Id.*

Here, Appellant offers no factual dispute regarding the substance of the prosecutor's closing argument. Rather, Appellant presents a legal argument solely based on the undisputed record. Thus, the PCRA court did not err when it concluded there was no genuine issue of material fact and denied Appellant without an evidentiary hearing.

Appellant next contends that trial counsel was ineffective for failing to object to alleged prosecutorial misconduct. Appellant raises two instances of prosecutorial misconduct. First, Appellant asserts that the prosecutor made improper statements regarding witness credibility, and second, that the prosecutor asserted his personal opinion in closing argument.[2]

_____

[2] Appellant objects to the following statements: "you can take that to the bank," and Appellant was "simply not" credible, Notes of Testimony (N.T.), 3/3/14, at 82; "I would suggest that what she said on the stand is credible," N.T. at 86; "she is credible" and "I will suggest that she is a highly credible witness," N.T. 3/3/14 at 88, 94. Appellant also asserts that the prosecutor conveyed his personal opinion of the credibility of Ms. DiGrazio when the prosecutor stated, "her demeanor was stellar." N.T. at 107. Appellant takes issue with the prosecutor's argument that the Appellant had been "making up a story." N.T. at 129.

We presume counsel is effective. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). To overcome this presumption and establish ineffective assistance of counsel, a PCRA petitioner must prove, by a preponderance of the evidence: "(1) the underlying legal issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice befell the petitioner from counsel's act or omission." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009). "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A claim will be denied if the petitioner fails to meet any of these requirements. *Springer*, 961 A.2d at 1267 (citing *Commonwealth v. Natividad*, 938 A.2d 310, 322 (Pa. 2007)); *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. 2008).

In reviewing the closing remarks of a prosecutor, we must consider the context in which they were made. *Commonwealth v. Judy*, 978 A.2d 1015, (Pa. Super. 2009) (citing *Commonwealth v. Sampson*, 900 A.2d 887, 890 (Pa. Super. 2006)). While it is improper for a prosecutor to express a personal belief as to the credibility of the defendant or other witnesses, the prosecutor may present argument regarding witnesses' credibility if previously attacked by defense counsel. *Commonwealth v. Chmiel*, 889 A.2d 501, 544 (Pa. 2005). Furthermore, "a prosecutor's contention that a defendant lied is neither unfair nor prejudicial when the outcome of the case is controlled by credibility, the accounts of the victim

and the defendant conflict, and defense counsel suggests that the victim is fabricating." ***Judy***, 978 A.2d at 1024.

In the instant case, Appellant's closing argument was based on the theory that the victims fabricated their stories. Trial counsel questioned the behavior of all the victims and their actions following the assaults. Furthermore, trial counsel asked the jury to assess whether Appellant and the defense witness lied when testifying. ***See*** N.T. at 69. The entire case hinged on the credibility of the witnesses.

In response, the prosecutor made several remarks during closing regarding the victims' credibility, demeanor, and the absence of any motive to fabricate their allegations against Appellant, as well as the lack of credibility and the presence of motive to fabricate in Appellant's testimony. Examining these remarks in context, it is evident that the statements were made properly in response to Appellant's closing argument. ***Judy***, 978 A.2d at 1015.

Finally, Appellant asserts that the phrase, "I would suggest", expresses the prosecutor's personal opinion. There is no merit to this assertion. ***See Commonwealth v. Tolassi***, 392 A.2d 750, 758 (Pa. Super. 1978) ("The mere use of first person terms does not automatically imply that what follows is the prosecutor's personal opinion.")

For the above reasons Appellant's underlying claim of prosecutorial misconduct is without merit. Accordingly, we discern no error in the PCRA court's decision to dismiss Appellant's petition without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2016