J-S88009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID BROWN, | |
| Appellant | No. 1404 EDA 2015 |

Appeal from the Judgment of Sentence of April 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0015193-2012
and CP-51-CR-001594-2012

BEFORE:  OLSON, RANSOM AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 23, 2017**

Appellant, David Brown, appeals from the judgment of sentence entered on April 23, 2015 in the Criminal Division of the Court of Common Pleas of Philadelphia County.  We affirm.

In September and October 2012, the Department of Human Services for Philadelphia (DHS) and Philadelphia Children's Alliance (PCA) investigated reports that Appellant sexually abused L.C., a minor female who was the daughter of Appellant's girlfriend.  Based upon this investigation, law enforcement officials on November 12, 2012 charged Appellant with rape of a child and related offenses.

On November 10, 2014, a jury found Appellant guilty of rape of a child, involuntary deviate sexual intercourse, aggravated indecent assault, endangering the welfare of children, corruption of minors, indecent

*Retired Senior Judge assigned to the Superior Court

exposure, and two counts of indecent assault.[1]  On April 23, 2015, the trial court sentenced Appellant to an aggregate term of 31 to 62 years' imprisonment.

Appellant filed a timely notice of appeal on May 15, 2015.  On July 16, 2015, the court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925.  After receiving a court-ordered extension, Appellant timely complied on October 29, 2015. The court issued its Rule 1925(a) opinion on December 1, 2015.

Appellant raises a single issue for our consideration:

Did the [trial court] err by not declaring a mistrial due to a statement in the closing argument of the prosecutor that she was personally offended by [a] statement made by defense counsel?

Appellant's Brief at 3.

Appellant claims that he is entitled to a mistrial based upon prosecutorial misconduct as evidenced by the following comments made during the closing argument of the Commonwealth's attorney.

Those kind of details show that she [(L.C.)] did not make this up.  She was not capable of doing that.  **I think it's pretty offensive that [defense counsel] would even suggest she would make up any of those statements, about any of them.  They were so detailed that I felt like I was living them through her as she was telling [the PCA investigator] what happens [sic].**

_____

[1] 18 Pa.C.S.A. §§ 3121, 3123, 3125, 4304, 6301, 3127, and 3126.

N.T., 11/7/14, at 84 (emphasis added).   Appellant asserts that "[t]he unavoidable effect of [the prosecutor's] indignant declaration that she was personally offended by defense counsel's argument was to form in the minds of the jury a fixed bias and hostility towards [Appellant] such that they could not weigh the evidence objectively and render a true verdict."  Appellant's Brief at 11.

The following standards govern our review of Appellant's claims:

[T]he trial court is vested with discretion to grant a mistrial whenever the alleged prejudicial event may reasonably be said to deprive the defendant of a fair and impartial trial.  In making its determination, the court must discern whether misconduct or prejudicial error actually occurred, and if so, ... assess the degree of any resulting prejudice.  Our review of the resulting order is constrained to determining whether the court abused its discretion.  Judicial discretion requires action in conformity with [the] law on facts and circumstances before the trial court after hearing and consideration.  Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

*Commonwealth v. Judy*, 978 A.2d 1015, 1019 (Pa. Super. 2009).  "The remedy of a mistrial is an extreme remedy required only when an incident is of such a nature that its unavoidable effect is to deprive the appellant of a fair and impartial tribunal."  *Id.*

When presented with a claim of prosecutorial misconduct during closing statements, it is well settled that "[i]n reviewing prosecutorial remarks to determine their prejudicial quality, comments cannot be viewed in isolation but, rather, must be considered in the context in which they were made."  *Commonwealth v. Sampson*, 900 A.2d 887, 890 (Pa. Super.

2006) (citation omitted). In this context, we evaluate whether a defendant received a fair trial, not a perfect one. **Commonwealth v. Rios**, 721 A.2d 1049, 1054 (Pa. 1998).

"A prosecutor has considerable latitude during closing arguments and his arguments are fair if they are supported by the evidence or use inferences that can reasonably be derived from the evidence." **Commonwealth v. Holley**, 945 A.2d 241, 250 (Pa. Super. 2008) (internal citations and quotations omitted). Moreover, while "it is improper for a prosecutor to express a personal belief as to the credibility of the defendant or other witnesses[,] the prosecutor may comment on the credibility of witnesses. Further, a prosecutor is allowed to respond to defense arguments with logical force and vigor. If defense counsel has attacked the credibility of witnesses in closing, the prosecutor may present argument addressing the witnesses' credibility." **Commonwealth v. Chmiel**, 889 A.2d 501, 544 (Pa. 2005).

We have carefully reviewed the certified record, the submissions of the parties, and the opinion of the trial court. Based upon our review, we agree with the trial court that Appellant is not entitled to relief. Specifically, we concur with the trial court's determination that the prosecutor properly commented upon the details of L.C.'s statements to DHS and PCA in response to arguments by defense counsel that L.C. lacked credibility. We also agree that the prosecutor exceeded proper bounds in stating her

personal opinion as to defense counsel's conduct. Here, however, the trial court correctly sustained a defense objection and directed the jury to decide this case based on the evidence and to disregard the personal opinion of the prosecutor. Given the trial court's curative instruction and the brevity of the prosecutor's improper comments, we conclude that the prosecutor's comments did not impede the jury's ability to objectively weigh the evidence and render a fair and impartial verdict. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/23/2017