J-S46010-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ANTHONY LEE KEMBERLING | |
| Appellant | No. 2087 MDA 2016 |

Appeal from the Judgment of Sentence July 1, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000263-2015

BEFORE:  BOWES, J., OLSON, J., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 26, 2017**

Anthony Lee Kemberling appeals from his judgment of sentence of thirty to sixty years incarceration, which was imposed after he was convicted by a jury of rape of a child, involuntary deviate sexual intercourse ("IDSI") with a child, aggravated assault of a child, indecent assault, endangering the welfare of children, and corruption of minors.  We affirm.

The facts giving rise to the convictions are as follows.  A.C. testified that Appellant, who lived with her grandmother, began to sexually abuse her when she was three or four years old, shortly after A.C. moved in with them.  The abuse occurred in a trailer located on her grandmother's property in South Anville Township, Lebanon County.  A.C. reported the abuse a few

_____

* Former Justice specially assigned to the Superior Court.

years later and Appellant was charged with the aforementioned offenses. A jury found him guilty of all charges.

On July 1, 2016, Appellant was determined to be a sexually violent predator ("SVP"), and sentenced. Appellant filed a timely post-sentence motion on July 11, 2016, in which he challenged the sufficiency and weight of the evidence, the admission of Yahira Torres' testimony and Appellant's audio-recorded statement to Children and Youth Services ("CYS"), the requirement that he wear a leg restraint at trial, prosecutorial misconduct, and the fact that the court ordered pizza for the jurors. The motion was denied by order of November 15, 2016. Appellant timely appealed and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant presents seven questions for our review:

 I. Should the Appellant's Motion for Judgment of Acquittal be granted because the Commonwealth failed to present sufficient evidence at trial to prove beyond a reasonable doubt that the Defendant had unlawful sexual contact?

 II. Should the Appellant's Motion for a New Trial be granted because the Trial Court erred by denying in part Defendant's Motion in Limine to preclude the testimony of Yahira Torres regarding statements the Victim made to Yahira Torres because Yahira Torres was not listed as a witness in the Commonwealth's May 20, 2015 notice to Proceed under the Tender Years Doctrine?

 III. Should the Appellant's Motion for a New Trial be granted because the jury placed too great a weight on the testimony of the Victim, A.C.?

IV.    Should Appellant be granted a new trial because during trial the Lebanon County Sheriff's Department placed a restraining device on Appellant's leg that unfairly prejudiced the jurors?

V.     Should Appellant be granted a new trial because he was unfairly prejudiced at trial by comments made by Judge Charles regarding the ordering of lunch for jurors?

VI.    Should Appellant be granted a new trial because at trial edited versions of Appellant's audio recorded statement to Children and Youth Services and the Victim's audio/video recorded Children's Resource Center interview were played and unfairly prejudiced Defendant.

VII.   Should Appellant be granted new trial because the Commonwealth committed prosecutorial misconduct because the Assistant District Attorney made inflammatory comments and gestures that unfairly prejudiced the Defendant?

Appellant's brief at 4-5.

Appellant's first issue is a challenge to the sufficiency of the evidence of each of the sexual offenses of which he was found guilty. He maintains that the Commonwealth failed to offer sufficient evidence "that he penetrated A.C.'s genitalia with his penis, that his penis touched A.C.'s mouth and/or lips, that he digitally penetrated A.C.'s genitalia, that he touched any part of A.C.'s body for anything other than a lawful hygienic purpose, and that he showed A.C. pornography." Appellant's brief at 11. In essence, although his argument is woefully underdeveloped, Appellant is arguing that there was no evidence of 1) sexual intercourse to support the

rape charge;[1] 2) oral or anal sexual contact to support the IDSI charge;[2] 3) penetration however slight required for aggravated indecent assault of a child;[3] 4) indecent contact with person less than thirteen years old;[4] 5) endangering the welfare of a child under 18 years of age whom he was supervising "by violating a duty of care, protection, or support;[5] 6) showing the minor victim pornography so as to sustain his conviction of corrupting

_____

[1] Rape of a child is a first-degree felony committed "when the person engages in sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3121(c).

[2] "A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S. § 3123(b).

[3] Aggravated indecent assault of a child involves "penetration, however slight, of the genitals or anus of a complainant with a part of a person's body for any purpose other than good faith medical, hygienic or law enforcement procedures" where "the complainant is less than 13 years of age." 18 Pa.C.S. § 3125(a)(7).

[4] Indecent assault occurs when a person has "indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid . . . for the purpose of arousing sexual desire in the person or the complainant and . . . (7) the complainant is less than 13 years of age." 18 Pa.C.S. § 3126(a)(7).

[5] Endangering welfare of children is defined: "A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support. 18 Pa.C.S. § 4304(a)(1).

the morals of a minor.[6]  He concedes, however, that the uncorroborated testimony of a rape victim, if believed, is sufficient to support a rape conviction and that no medical testimony is required.

In reviewing a challenge to the sufficiency of the evidence, we must determine "whether the evidence admitted at trial, and all the reasonable inferences derived therefrom viewed in favor of the Commonwealth as verdict winner, supports the jury's finding of all the elements of the offense beyond a reasonable doubt."  **Commonwealth v. Packer**, 2017 Pa.LEXIS 1942 n.3 (Pa. 2017) (quoting **Commonwealth v. Cash**, 137 A.3d 1262, 1269 (Pa. 2016).

Based upon our review of the record, we conclude that the evidence was sufficient to prove beyond a reasonable doubt that Appellant engaged in the unlawful sexual acts charged.  Ten-year-old A.C. testified that, on multiple occasions, Appellant removed her clothing and touched her private part with his penis, and that his penis went inside her private part.  N.T. Jury Trial, 2/9/16, at 11-12.  Thus, he engaged in sexual intercourse with complainant, then three or four years old.  She also testified that he used his penis to touch her mouth and anus, conduct constituting aggravated

---

[6] Corruption of the morals of a minor is defined in pertinent part as: "Except as provided in subparagraph (ii), whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age . . ."  18 Pa.C.S. § 6301(a)(1)(i).

indecent assault. *Id*. at 13-14. Her testimony that his penis penetrated her mouth, and that he also directed her to put her mouth on his penis, establishes IDSI. A.C. testified to the presence of seminal fluid, although not in those words, which was sufficient to sustain a conviction of indecent assault. *Id*. at 17. A.C.'s account of Appellant's use of his grandfatherly relationship to lure her to the trailer for purposes of engaging in illegal sexual conduct is endangering the welfare of a child. The victim explained that, in her presence, Appellant would watch videos of "people having sex," and she saw the videos as well, which is sufficient to prove corruption of a minor. *Id*. at 15. As she testified, A.C. marked a female anatomical drawing depicting the places on her body where Appellant touched her, which was admitted into evidence as Commonwealth Exhibit 3. *Id*. at 43.

The victim's testimony alone was sufficient to sustain the convictions of the charged sexual offenses. *See Commonwealth v. Purcell*, 589 A.2d 217 (Pa.Super. 1991). In addition, the Commonwealth offered a January 5, 2015 videotaped interview of the victim by Scott Smith, a child interview specialist with the Pinnacle Health Children's Resource Center ("CRC"). The evidence of the sexual conduct underlying each offense was sufficient to sustain the convictions of rape, IDSI, aggravated indecent assault, indecent assault, endangering the welfare of a child, and corruption of minors. Appellant's claim is meritless.

Next, Appellant alleges that a new trial is mandated due to a number of trial errors. First, Appellant contends the trial court erred in denying his motion *in limine* seeking, *inter alia,* to preclude Yahira Torres from testifying at trial. He alleged in the motion that the Commonwealth intended to elicit statements made by A.C. to Ms. Torres that would only be admissible under the Tender Years exception. 42 Pa.C.S. § 5985.1.[7] He maintained that,

_____

[7] The Tender Years Doctrine is embodied in 42 Pa.C.S. § 5985.1.

    (a)    **General Rule** - An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any offense enumerated in 18 Pa.C.S. Chs. . . . 31 (relating to sexual offenses), . . . not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceedings if:

        (1)    the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

        (2) the child either:
            (i) testifies at the proceeding; or
            (ii) is unavailable as a witness.

    . . .

    (b)    **Notice required**. — A statement otherwise admissible under subsection (a) shall not be received into evidence unless the proponent of the statement notifies the adverse party of the proponent's intention to offer the statement and the particulars of the statement sufficiently in advance of the proceeding at which the proponent intends to offer

*(Footnote Continued Next Page)*

since the Commonwealth did not notify the defense that it intended to introduce the statements pursuant to the exception until the case was listed for trial, which was only two weeks prior to its commencement, the notice was untimely. Appellant also asserts for the first time on appeal that the court should have held an *in camera* hearing to determine if Ms. Torres' testimony was sufficiently reliable to be admissible.

The Commonwealth counters that the trial court properly denied the motion *in limine* because it did not intend to seek, and did not in fact elicit, hearsay testimony from Ms. Torres regarding any particular statement made by A.C. relative to the abuse. Thus, tender years notice and an *in camera* hearing were not required as to this witness.

The record supports the trial court's denial of Appellant's motion *in limine*. The Commonwealth represented to the court at that time that it would not seek to elicit hearsay testimony from Ms. Torres. The record reveals that, when Ms. Torres was sworn in as a witness at trial, defense counsel renewed his objection to the disclosure by Ms. Torres of what A.C. told her about the abuse. The Commonwealth proffered that Ms. Torres would explain that A.C. came to live with her, and that while A.C. was in her care, she noticed that the child exhibited unusual demeanor around men.

*(Footnote Continued)* ───────

> the statement into evidence to provide the adverse party
> with a fair opportunity to prepare to meet the statement.

The defense clarified that its objection was mainly to Ms. Torres testifying as to what A.C. told her because the Commonwealth did not list her in the tender years notice. The court reiterated that the Commonwealth was not going to inquire of the witness what she was told by A.C., and overruled the objection.

"When reviewing a ruling on a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. The admission of evidence is committed to the sound discretion of the trial court and our review is for abuse of discretion." *Commonwealth v. Parker*, 104 A.3d 17, 21 (Pa.Super. 2014).

Appellant's claim is meritless. Ms. Torres did not offer hearsay testimony regarding details of the abuse related to her by A.C., and the tender years exception was not implicated. Her testimony consisted of her observations of the victim's behavior around men, *i.e.*, that A.C. would get nervous, and hide in another room. She also described A.C.'s demeanor when speaking of the abuse as "nervous, crying, and shaking." N.T. Jury Trial, 2/9/16, at 65. Furthermore, the defense did not object to this limited examination, and hence, any abuse of discretion in its admission is waived. *Commonwealth v. Powell*, 956 A.2d 406 (Pa. 2008) (Pa.R.A.P. 302(a) provides that in absence of contemporaneous objection appellate review is waived).

Next, Appellant alleges that the verdicts were against the weight of the evidence and a new trial is required. Specifically, he alleges that the jury placed too great a weight upon A.C.'s testimony in the absence of physical evidence of injuries. As the Commonwealth correctly notes, "[a] motion for new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." ***Commonwealth v. Widmer***, 744 A.2d 745, 751-52 (Pa. 2000). A mere conflict in testimony or evidence is not enough. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" ***Id***. at 752 (citation omitted). It has often been stated that, "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013).

This Court's standard of review is not the same as that of the trial court. We do not step into the shoes of the trial judge and look at whether the verdict was against the weight of the evidence,

> Appellate review of a weight claim **is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence**. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the

- 10 -

> verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Clay*, *supra* at 1055 (citations omitted) (emphasis in original).

After enunciating the proper legal standard, the trial judge concluded that the jury's verdict was not "so contrary to the evidence as to shock one's sense of justice." Trial Court Opinion, 11/15/16, at 9. We find no abuse of discretion.

Appellant next alleges that he was "unfairly prejudiced" because when the restraining device placed on his leg malfunctioned, he believes that at least two of the jurors observed the restraint. The Commonwealth counters that this issue is waived as Appellant failed to object at trial. Furthermore, the Commonwealth disputes that the restraint was visible to jurors. It maintains the leg restraint was hidden under Appellant's pants, he was seated away from the jury, and the jury was not present when he entered and exited the courtroom. As the Commonwealth correctly notes, Appellant did not timely object during or after trial, and thus, this issue is not preserved for appellate review. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Powell*, *supra*. Hence, this claim fails.

Appellant also contends that he was unfairly prejudiced and a new trial is warranted because the court offered to buy lunch for the jury and counsel,

- 11 -

but not for him. His exclusion "created the prejudicial impression to the jury that the Trial Court had a predisposed negative view of" him. Appellant's brief at 15. The Commonwealth explains that the court only held a short lunch break as it was snowing and the court anticipated that the jury would be released early. The offer was made to everyone in the courtroom, including Appellant.

The allegedly improper offer regarding pizza is not contained in the record. The trial court explained that it ordered pizza for the jurors, court staff, parties, and their attorneys "to ensure the efficient progress of the trial." Trial Court Opinion, 11/15/16, at 20. It did not intend to "exclude the DEFENDANT or single him out for disparate treatment." *Id*. Furthermore, the court found the record devoid of any proof that its treatment of Appellant affected the outcome of the trial.

As both the trial court and the Commonwealth note, Appellant did not object at the time, and thus, he waived the right to pursue this issue on appeal. Pa.R.A.P. 302(a). The rationale for the rule is to ensure that the trial court can promptly mitigate any prejudice with a prompt curative instruction. Under the rule, "a defendant cannot sit back and wait for a considerable period of time after an allegedly prejudicial remark was made before objecting." Trial Court Opinion, 11/15/16, at 14. Appellant failed to object and provide the trial court the opportunity to take remedial action. The issue is waived.

Appellant's next issue suffers a similar fate. He contends that a new trial is warranted because the playing of his audio-recorded statement to CYS at trial was unfairly prejudicial, and certain portions were improperly omitted. Furthermore, he complains that he could not see the Children's Resource Center video from his vantage point in the courtroom or monitor the time at which the recording was playing.

Appellant did not object when the CRC and CYS recordings were played. Thus, his complaints regarding those recordings are waived. Moreover, prior to trial, defense counsel objected to certain portions of the recordings being played for the jury. Consequently, the recordings were edited and approved by the defense, and there was no objection when they were played at trial. Thus, any claim that certain portions were improperly omitted is waived. Appellant's claim that he was unable to view the CRC video also is waived because he did not object at trial or seek permission to move to gain a better view.

Lastly, Appellant contends that the Commonwealth committed prosecutorial misconduct during closing arguments and that a new trial is required. He alleges that the attorney for the Commonwealth referred to his witnesses as liars, and used inappropriate hand gestures to demonstrate sexual acts. Appellant's brief merely states his position and does not contain any authority or analysis in support of it.

The trial court set forth the law applicable to prosecutorial misconduct and closing arguments, citing **Commonwealth v. Sampson**, 900 A.2d 887 (Pa.Super. 2006). "[A] prosecutor's arguments to the jury are [generally] not a basis for the granting of a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the accused which would prevent them from properly weighing the evidence and rendering a true verdict." **Commonwealth v. Solomon**, 25 A.3d 380, 383 (Pa.Super. 2011). The prosecutor may comment fairly on the defense arguments. In determining whether comments were improper, "we do not look at the comments in a vacuum; rather we look at them in the context in which they were made." **Id**. The court concluded that there was no misconduct during closing argument, and that the prosecutor's remarks were "based upon the testimony heard at trial and the logical inferences associated with such testimony." Trial Court Opinion, 11/15/16, at 21.

On appeal, we are limited to determining whether the trial court abused its discretion. **Commonwealth v. D'Amato**, 526 A.2d 300, 309-10 (Pa. 1987). We must "evaluate whether a defendant received a fair trial, not a perfect trial." **Commonwealth v. Judy**, 978 A.2d 1015 (Pa.Super. 2009) (quoting **Commonwealth v. Rios**, 721 A.2d 1049, 1054 (Pa. 1998)).

Preliminarily, we note that, while the notes of testimony at the jury trial were transcribed, that transcription does not include the closing

arguments. There is no indication in the record that Appellant ordered transcripts of the Commonwealth's closing argument, and it was his responsibility to do so to enable this Court to review his claim. This Court cannot even determine whether Appellant objected, sought a curative instruction or requested a mistrial to preserve this issue for appeal. Even assuming the issue is preserved, we are unable to evaluate the comments in context. Hence, Appellant is not entitled to a new trial on this basis.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/26/2017