J-S59037-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIAN FRISBY, | : | |
| | : | |
| Appellant | : | No. 3522 EDA 2017 |

Appeal from the PCRA Order September 28, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008244-2011

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 31, 2018**

Julian Frisby appeals from the order entered September 28, 2017, in the Philadelphia County Court of Common Pleas, dismissing his first petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Frisby seeks relief from a term of life imprisonment without parole for first-degree murder, and concurrent sentences of ten to 20 years for criminal conspiracy and one to two years for firearms not to be carried without a license.[2] On appeal, Frisby contends trial counsel was ineffective for failing to call a character witness. For the reasons below, we affirm.

_____

[1] **See** 42 Pa.C.S. §§ 9541-9546.

[2] **See** 18 Pa.C.S. §§ 2502(a), 903(c), and 6106(a)(1). Frisby was also convicted of possession of an instrument of crime, 18 Pa.C.S. § 907(a), but the court did not impose a further penalty regarding the crime.

The facts underlying Frisby's convictions are well-known to the parties and we need not reiterate them in detail herein. *See Commonwealth v. Frisby*, 120 A.3d 388 [1148 EDA 2014] (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 119 A.3d 350 (Pa. 2015). To summarize the procedural history, on May 5, 2011, Frisby was arrested and charged with the shooting death of Jarell Seay. On July 29, 2013, Frisby elected to be tried by a jury, but his first trial ended in a mistrial after the jury failed to reach a unanimous decision. On March 20, 2014, after a retrial, the jury convicted Frisby of the above-mentioned crimes. On March 21, 2014, the court imposed an aggregate sentence of life imprisonment without the possibility of parole.

Frisby filed a direct appeal, challenging the sufficiency of evidence with respect to his convictions. On February 23, 2015, a panel of this Court affirmed the judgment of sentence, and on August 4, 2015, the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See id.* Thereafter, on March 4, 2016, Frisby filed a *pro se* PCRA petition. Counsel was appointed who filed an amended petition on April 12, 2017. On July 6, 2017, the PCRA court issued a notice of intention to dismiss Frisby's petition without a hearing pursuant to Rule 907. Frisby filed *pro se* a response on July

13, 2017.[3]  On September 28, 2017, the PCRA court dismissed the petition.

This appeal followed.[4, 5]

In his sole issue on appeal, Frisby claims trial counsel was ineffective for

failing to call his grandfather, Henry Frisby, as a character witness to testify

to Frisby's reputation for being a nonviolent individual.  **See** Frisby's Brief at

_____

[3]  The PCRA court noted that in his response, Frisby did not raise any new issues,

> but instead aver[red] that he had not communicated with his attorney since December 12, 2016 and was unaware of the issues PCRA counsel had raised on his behalf.  On July 19, 2017, [the PCRA c]ourt forwarded [Frisby]'s letter to PCRA counsel requesting assurance that counsel was in contact with his client.  On August 10, 2017, after counsel indicated that he had not communicated with his client, [the PCRA c]ourt continued the matter so counsel could contact [Frisby].

PCRA Court Order and Opinion, 9/28/2017, at 2 n.2.  On August 23, 2017, PCRA counsel filed a letter-in-brief indicating Frisby wished to raise an additional issue concerning whether a juryperson was forced to remain on the panel despite alleging she could not hear the case for religious or moral reasons.  **Id.** at 2, n.3.  The PCRA court continued the matter so that notes of testimony from the *voir dire* could be completed and reviewed.  On September 27, 2017, PCRA counsel submitted a second letter-in-brief, indicating:  (1) he had reviewed the testimony wherein the potential juror in question was excused for cause by agreement, and (2) he no longer wished to raise that issue.  **Id.**

[4]  The PCRA court did not order Frisby to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[5]  On April 6, 2018, by *per curiam* order, this Court found counsel failed to file an appellate brief and remanded the matter to determine whether counsel had abandoned Frisby and to take further action as required to protect his right to appeal.  **See** Order, 4/6/2018.  The PCRA court removed prior counsel from the matter and appointed new PCRA counsel on May 1, 2018.

9. Frisby states that while his mother, Alexis Frisby, testified as to Frisby's good character for being law-abiding, she "did not testify as to [her son]'s character for being peaceful and nonviolent." *Id.* at 12-13. Therefore, Frisby contends his grandfather's testimony would have been of most importance because:

> First, [Henry] Frisby's testimony would not have been cumulative because [Alexis] Frisby did not discuss [Frisby]'s reputation for being peaceful.
>
> Second, [Alexis] Frisby's testimony was rebutted by police and she is [Frisby]'s mother. The presentation of [Henry] Frisby could have rebutted Officer [Dionne] Madison's testimony and [Henry] Frisby's testimony would have provided at least some objectivity since he was not [Frisby]'s mother.

*Id.* at 13. Additionally, Frisby states:

> Trial counsel had no reasonable basis for not presenting [Henry] Frisby, an available witness, to testify as to [his] character for being peaceful/nonviolent. [Henry] Frisby was available and willing to testify. [Frisby] suffered prejudice because another individual, Alan Berks, had similar tattoos to [Frisby], his DNA was recovered from the crime scene, and the trial court noted issues associated with the prosecution in relation to [Frisby] and Berks.

*Id.* (record citations omitted).

We begin with our well-settled standard of review:

> Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.
>
> In order to prevail on a claim of ineffective assistance of counsel, an appellant must show three things: that the underlying claim has arguable merit, that counsel's performance was not

- 4 -

reasonably designed to effectuate the defendant's interests, and that counsel's unreasonable performance prejudiced the defendant. A defendant is required to show actual prejudice; that is, that counsel's ineffectiveness was of such magnitude that it could have reasonably had an adverse effect on the outcome of the proceedings.

**Commonwealth v. Sampson**, 900 A.2d 887, 890 (Pa. Super. 2006)

(quotations and citations omitted), *appeal denied*, 907 A.2d 1102 (Pa. 2006).

As a general rule, evidence of a person's character may not be admitted to show that individual acted in conformity with that character on a particular occasion. Pa.R.E. 404(a). However, Pennsylvania Rule of Evidence 404(a)(1) provides an exception which allows a criminal defendant to offer evidence of his or her character traits which are pertinent to the crimes charged and allows the Commonwealth to rebut the same. Pa.R.E. 404(a)(1). This Court has further explained the limited purpose for which this evidence can be offered:

It has long been the law in Pennsylvania that an individual on trial for an offense against the criminal law is permitted to introduce evidence of his good reputation in any respect which has "proper relation to the subject matter" of the charge at issue. Such evidence has been allowed on a theory that general reputation reflects the character of the individual and a defendant in a criminal case is permitted to prove his good character in order to negate his participation in the offense charged. The rationale for the admission of character testimony is that an accused may not be able to produce any other evidence to exculpate himself from the charge he faces except his own oath and evidence of good character.

It is clearly established that evidence of good character is to be regarded as evidence of substantive fact just as any other evidence tending to establish innocence and may be considered by the jury in connection with all of the evidence presented in the case on the general issue of guilt or innocence. Evidence of good character is substantive and positive evidence, not a mere make weight to be considered in a doubtful case, and, ... is an independent factor which may of itself engender reasonable doubt or produce a

conclusion of innocence. Evidence of good character offered by a defendant in a criminal prosecution must be limited to his general reputation for the particular trait or traits of character involved in the commission of the crime charged. The cross-examination of such witnesses by the Commonwealth must be limited to the same traits. Such evidence must relate to a period at or about the time the offense was committed, and must be established by testimony of witnesses as to the community opinion of the individual in question, not through specific acts or mere rumor.

*Commonwealth v. Johnson*, 27 A.3d 244, 247-248 (Pa. Super. 2011), citing

*Commonwealth v. Luther*, 463 A.2d 1073, 1077-1078 (Pa. Super. 1983)

(citations omitted). *See also Commonwealth v. Goodmond*, 190 A.3d

1197, 1201-1202 (Pa. Super. 2018). Moreover,

> when raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984),] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial....

> *Commonwealth v. Sneed*, 616 Pa. 1, 45 A.3d 1096, 1108-09 (Pa. 2012). "To demonstrate *Strickland* prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Sneed*, 45 A.3d at 1109. Counsel will not be found ineffective for failing to call a witness "unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy. *Id.* (internal quotation marks and citations omitted).

***Commonwealth v. Matias***, 63 A.3d 807, 810-811 (Pa. Super. 2013), *appeal denied*, 74 A.3d 1030 (Pa. 2013).

Here, the PCRA court found the following:

> At trial, [Frisby] called his mother, Alexis Frisby, to testify about his reputation for good character in the community, specifically his reputation as a quiet man, a law-abiding citizen, and that he was not a member of a gang. N.T., 3/17/2014 at 132. In the instant petition, [Frisby] claims that trial counsel was ineffective for failing to call his grandfather, Henry Frisby, as an additional character witness, who would testify that [Frisby] was law-abiding, peaceful, and not affiliated with a gang. [Frisby] characterizes Henry Frisby as ready, willing and able to testify at trial, where he would have countered the Commonwealth's theory of motive that the shooting was gang-related.

> The procedure of the instant matter closely resembles that of ***Commonwealth v. Hall***, 701 A.2d 190 (Pa. 1997). In ***Hall***, the appellant presented character testimony from his mother and the mother of his child, each of whom testified to his good character. On collateral review, the appellant argued that counsel was ineffective for failing to call five witnesses, four of whom were unrelated, to testify to the appellant's good reputation in the community. ***Id.*** at 204-206. In rejecting this claim, the Supreme Court determined that each witness would present cumulative testimony, precluding any finding of ineffectiveness. ***Id.*** at 205-206.

> Here, trial counsel cannot be held ineffective for failing to call Henry Frisby as a character witness because his testimony would merely be cumulative of Alexis Frisby's testimony. Assuming that each of [Frisby]'s averments are true, Henry Frisby would testify that [Frisby] had a reputation as a peaceful, law-abiding, and non-gang-affiliated individual. Alexis Frisby was equally as capable of presenting that testimony, and in fact did so. Unlike the proposed witnesses in ***Hall***, Henry Frisby is related to [Frisby], and could be considered equally as credible as Alexis Frisby given their familial status. Although the proposed witnesses in ***Hall*** may be considered more credible as unbiased, unrelated character witnesses, the Supreme Court nonetheless found their proposed testimony cumulative.

Henry Frisby's proposed testimony is duplicative of Alexis Frisby's testimony and creates no additional fact basis to sway a jury to change the instant verdict. Moreover, his proposed testimony was also directly contra[dicted] at trial. In rebuttal to Alexis Frisby's testimony, the Commonwealth presented Officer Dionne Madison, who testified that [Frisby] did not have a reputation as a peaceful and law-abiding citizen, but was silent with respect to his gang membership. [N.T., 3/17/2014 at 135]. The jury considered Alexis Frisby's testimony concerning [Frisby]'s reputation and rejected it. Having an additional family member reiterate identical testimony at trial would not change the outcome of the case, especially after a Commonwealth witness directly contradicted the proposed testimony. [Frisby] fails to demonstrate prejudice.

PCRA Court Order and Opinion, 9/28/2017, at 6-8.

We agree with the PCRA court that Frisby failed to demonstrate prejudice. *See Matias*, *supra*. Frisby's counsel presented his mother as a character witness for being law-abiding and not a member of a gang, whose testimony was rebutted by the Commonwealth.[6] Contrary to Frisby's argument, one can reasonably infer the character trait of being law-abiding also includes being peaceful and non-violent.[7] As such, calling Frisby's grandfather, Henry Frisby, would have been cumulative, merely repeating the testimony of Frisby's mother. Moreover, it is reasonably unlikely that having

---

[6] *See* N.T., 3/17/2014, at 131-135.

[7] *See Commonwealth v. Rashid*, 160 A.3d 838, 849 (Pa. Super. 2017) (concluding convictions for drug dealing and possession of an illegal firearm were relevant to determining whether defendant has a reputation for being peaceful and nonviolent), *appeal denied*, 170 A.3d 976 (Pa. 2017).

the grandfather take the stand at Frisby's trial would have "been beneficial under the circumstances of the case." **Sneed**, 45 A.3d at 1109.[8] Accordingly, trial counsel cannot be deemed ineffective for failing to call Henry Frisby as a character witness. Therefore, we conclude the trial court did not err in denying Frisby relief under the PCRA.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/18

---

[8] Additionally, it merits emphasis that four eyewitnesses, including the victim's father, grandfather, a friend, and neighbor, testified Frisby was at the victim's house at the time of the murder.